No. 20,121.

THE CITY OF LITTLETON, ET AL., *v.*
CARROLL QUELLAND, ET AL.

(387 P. [2d] 29)

Decided November 26, 1963.     Rehearing denied December 16, 1963.

Mr. FRED M. WINNER, for plaintiffs in error.

Messrs. GALLIGAN and FOLEY, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the parties by name or as they ap-

peared in the trial court in which Quelland and Adams were plaintiffs and the City of Littleton, City Council and the City Engineer were defendants.

This is a zoning case. The property involved is located on the heavily traveled main thoroughfare known as Littleton Boulevard, running east and west between the core city of Littleton and South Broadway. Suit was instituted against the Littleton officials to declare unconstitutional a zoning ordinance which classified six blocks fronting on the boulevard, including plaintiffs' property, as Zone T. This zone permits limited commercial use along with high density residential uses.

The trial court entered judgment declaring the ordinance void, and it is to this holding that Littleton sues out writ of error in this court.

The issue is narrow and is almost identical to that presented in a 1962 case in this court, *City and County of Denver v. American Oil Company*, 150 Colo. 341, 374 P. (2d) 357. The principles announced in that case point up that the court was in error in declaring the subject zoning void.

The original zoning affecting the area embracing plaintiffs' property was residential. Across the street from the property to the south it is still residential and heavily built up under that zoning. To the north of the property are several large apartment houses which use was permitted under the original zoning. Plaintiffs had lodged several complaints with City Council concerning this zoning, and as a consequence of their protests the zoning was changed to "Zone T." Among the commercial uses permitted in the new zone is a restaurant, and the defendants have constructed one on a portion of their property. On the remainder of the land the plaintiffs do not desire to put it to the other permitted uses, but state that they wish to put up a large department store or a grocery store or supermarket. There is an extensive shopping center a few blocks to the west of the subject property which contains, among other things, the type of

businesses as sought by plaintiffs, including a moving picture theatre.

Involved in this case is the validity of the Zone T, not just as to these plaintiffs' property but to any property. If it is declared void it will affect not only this strip on the boulevard but several similar zones established under the ordinances of Littleton in other areas.

■ The determination to establish various zones and various grades or degrees of the same type of zoning is within the province of the legislative branch, and the judiciary will not interfere unless there is proof beyond a reasonable doubt that the ordinance is unconstitutional. *Baum v. City and County of Denver,* 147 Colo. 104, 363 P. (2d) 688; *Frankel v. City and County of Denver,* 147 Colo. 373, 363 P. (2d) 1063; *Board of Commissioners of Jefferson County v. Shaffer,* 149 Colo. 18, 367 P. (2d) 751.

■ It has been universally held that a city can establish more than one type of commercial or business district. McQuillin, Municipal Corporations, vol. 8, § 25.112:

"Classes of business districts. It is customary and proper, particularly in larger cities with more numerous business enterprises, to classify commercial districts according to the extent of restrictions against business, industrial and non-mercantile uses. For example, commercial districts may be divided into classes lettered from 'A' to 'D' according to the restrictions to which they are subject. An ordinance may establish a 'medium volume business zone.' "

See also: *Darling v. Zoning Board of Philadelphia,* 357 Pa. 428, 54 A. (2d) 829; *Baltimore v. Biermann,* 187 Md. 514, 50 A. (2d) 804; *Albright v. Johnson,* 135 N.J.L. 70, 50 A. (2d) 399; *Downing v. Joplin, Mo.,* 312 S.W. (2d) 81; *Magruder v. Redwood City,* 203 Cal. 665, 265 Pac. 806; *Zahn v. Board of Public Works,* 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074; *Kilcoyne v. City of Coffeyville,* 176 Kan. 159, 269 P. (2d) 418.

In the *Zahn v. Board of Public Works* case, supra, the

518

Supreme Court of the United States said: " * * * ·The most that can be said is that whether that determination was an unreasonable, arbitrary, or unequal exercise of power is fairly debatable. In such circumstances, the settled rule of this court is that it will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. * * * "

There is nothing unreasonable about the officials of Littleton attempting to avoid converting Littleton Boulevard into the type of commercial strip that is prevalent on main arterial highways approaching cities, all of which sprang up before zoning. Placing low density commercial districts between high density uses so as to avoid the heavy concentration of traffic has prompted the well known gradations not only in commercial zoning but in residential as well, ranging from R 1 to R 4.

In reliance on T Zone on Littleton Boulevard, a number of property owners adjoining plaintiffs have erected small office buildings for medical clinics, law offices, and real estate offices. One mortuary has been built in the zone also. To declare T Zone classifications unconstitutional would place in and around these users buildings and population movements which they did not anticipate when they put their property to permitted uses. Voiding classification of uses complained of herein would permit incompatible uses.

The judgment is reversed and the cause remanded to the district court with directions to dismiss the action.

MR. CHIEF JUSTICE FRANTZ and MR. JUSTICE PRINGLE concur.