Opinion by
Mr. Justice Moore.
We will refer to the parties as they appeared in the trial court where defendant in error was plaintiff and plaintiffs in error were defendants.
It was alleged in the complaint that the plaintiff had adopted a valid county zoning resolution; that the defendants violated the terms of this resolution in that they occupied a house trailer, and erected a building without a permit, contrary to the provisions of the zoning resolution.
The only issue tendered by the answer of the defendants was whether the resolution in question had been legally adopted pursuant to the provisions of C.R.S. 1963, 106-2-11. The trial court adjudged that the resolution had been legally adopted, and ordered that the defendants “abate said building and trailer * * * and remove same.”
The sole point argued by counsel as ground for reversal of the judgment is that the trial court erred in determining that the notice of public hearing, which was published in connection with the adoption of the resolution, was sufficient and amounted to a compliance with the above cited statute. The statute provides in pertinent part:
“The county planning commission shall certify a copy of the plans for zoning all or any part of the unincorporated territory within the county, or any adopted part or amendment thereof, or addition thereto, to the board of county commissioners of the county. After receiving the certification of said zoning plans from the commission and before the adoption of any zoning resolutions, the board of county commissioners shall hold a public hearing thereon, the time and place of which at least *497 thirty days’ notice shall be given by one publication in a newspaper of general circulation in the county. Such notice shall state the place at which the text and maps so certified by the county planning commission may be examined. * * *”
We have examined the notice which was published in this case and find that it was largely in conformance with the exact language of the statute and hence amounted to a full compliance with it.
No other assignment of error was seriously contended for, either in oral argument or in the briefs.
The judgment accordingly is affirmed.
Mr. Justice Sutton and Mr. Justice McWilliams concur.