Nos. 21797, 21846.

EVERETT N. ORTH, ET AL., PLAINTIFFS IN ERROR, HAROLD HENNIGH, ET AL., INTERVENERS-PLAINTIFFS IN ERROR *v.* THE BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, ET AL., DEFENDANTS IN ERROR.
(408 P.2d 974)

Decided December 13, 1965.    Rehearing denied January 10, 1966.

KAYNE & WATSON, for plaintiffs in error.

GEORGE A. HINSHAW, JAMES T. AYERS, for interveners-plaintiffs in error.

HOLLENBECK, DOLAN & KING, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THE two cases which were filed in the district court of Boulder county involved identical issues. Writs of error have been issued directed to each of the judgments. The two cases have been consolidated in this court and this opinion is applicable to each of the actions.

Everett N. and Dorothy I. Orth are plaintiffs in error in cause numbered 21797, and Harold Hennigh, Fern Hennigh and Ronald Gregory are plaintiffs in error in cause numbered 21846. They will be referred to as plaintiffs unless it is necessary to limit the application of a reference to a single plaintiff in which event the name will be used. The defendants in error will be referred to as the defendants or by name as the occasion may require.

The trial court entered judgments upholding the action of the defendant Board of County Commissioners in rezoning 1140 acres of land in Boulder county from an "R" Residential District to an "I" Industrial District.

The change in the zoning regulation, to which objection is made by the plaintiffs, authorizes the building and operation in the area of a cement plant. The 1140 acres involved in this controversy are located about one mile southeast of the town of Lyons. The Planning Commission found, by inspection thereof, that the acreage was "rough and irregular" and that much of it was "rocky and unsuitable residential development."

The application for the subject rezoning was made by Rocky Mountain Cement Company, a division of Martin-Marietta Corporation, and Developing Industry, Inc.

When Boulder county's comprehensive Zoning Resolution was enacted in 1954 only four zoning districts were established: "R"-residents, "T"-transitional, "B"-business, and "I"-industrial. The property involved in this case and adjoining lands were placed in an "R" zone with the following uses, among others, permitted: quarries, gravel pits, mines, farm buildings, airports, feed yards, fur farms, kennels and portable sawmills.

In July, 1964, after discovering on the land in ques-

tion a combination of shale and limestone sufficient to support a long-term cement manufacturing operation, Martin-Marietta filed an application to rezone the property from "R" to industrial. It proposed to construct a modern cement plant. The application was granted and the Orths brought an action in the district court of Boulder county in which they attacked the said rezoning. On September 25, 1964, the court set aside the rezoning on certain procedural grounds. The trial court refrained from making any decision on the merits. No appeal was taken.

Thereafter, Rocky Mountain Cement Co. filed a new application. The rezoning process including public hearings was repeated. On February 25, 1965, the Board of County Commissioners, by unanimous resolution, again rezoned the property from "R" to industrial. The Orths then brought this action in the district court of Boulder county and Gregory and the Hennighs were permitted to intervene as plaintiffs. The district court of Boulder county found that all procedural requirements had been satisfied and that there had been no abuse of discretion. The court dismissed plaintiffs' action and they then initiated this writ of error.

The argument for reversal made on behalf of the plaintiffs Hennigh, Hennigh and Gregory is presented under four summaries as follows:

"There was evidence of the Board of County Commissioners' bias and prejudice and ample evidence that they had already formed their opinion prior to this hearing and that the hearing was conducted only for the purpose of complying with the formalities of the law. The decisions of the Board of County Commissioners was contrary to the evidence in the case.

"While a Board of County Commissioners in a zoning matter acts as a legislative body, as the district court correctly determined, it does not so act without limitations, both by the law of the state as well as by constitutional prohibition and therefore, the evidence is defi-

cient when it fails to disclose that there has been a change in conditions of the land warranting such a proposed zoning change or that the proposed change is in the public interest.

"Plaintiffs in error have a vested interest in the protection of the integrity of existing zoning and such interest is not to be abused unless a need is clearly shown and the actions of the Board of County Commissioners in amending the zoning were arbitrary, capricious and exceeded its jurisdiction.

"Plaintiffs objected in the trial court that the notices prepared by and published by the County Planning Commission and County Commissioners were wholly defective as well as the conduct of the proceeding before these respective bodies."

The summary of argument contained in the brief filed by plaintiffs Everett and Dorothy Orth, although couched in different language, covers the same points and we find it unnecessary to repeat them as they are separately stated by counsel.

The main thrust of the argument for reversal is that the Commissioners abused their discretion in ordering the change in zoning as indicated by the lack of sufficient evidence that there had been a change of conditions upon the land to warrant a change in zoning. The evidence submitted on this question fell into two separate categories: First — it was shown that there had been five changes in zoning regulations in the immediate and adjoining area subsequent to the original zoning resolution of 1954; second — there was evidence establishing that new discoveries and information concerning the presence in commercial quantities of limestone had been brought to light by the investigation of the cement company's geologist, one Mr. Bergman. He testified that the study and research conducted by the company had made known to the cement industry the particular combination of quantity and quality of minerals on the land for the first time.

In addition to the issue of changes in condition, the parties also put in issue the question of whether the rezoning would be for the public good and public welfare, and the related question of the impact on the county's tax base. At the County Commissioners' public hearing two witnesses for the applicant testified specifically that the rezoning would be in the public interest: Dr. William Miernyck, professor of economics and director of the Bureau of Economic Research at the University of Colorado, and Mr. James M. Small of Small, Cooley & Associates, city planners. Numerous citizens appearing in support of the rezoning and listed in the index to volume I also testified that the rezoning would be in the public interest. Lastly, plaintiffs alleged in their complaint numerous "improper acts and defective procedures" by the Planning Commission and County Commissioners. These dealt with such matters as the sufficiency of notices of the public hearings; the Board's action in not issuing subpoenas for its public hearing; and the county attorney serving as chairman of a public hearing.

A few fundamentals with relation to the law applicable to zoning regulations will bear restating at this point. When a board of county commissioners adopts or amends a zoning resolution or ordinance, it is acting in a legislative capacity. A zoning ordinance or resolution is presumed to be valid and the burden of establishing its invalidity rests upon those who oppose it. The courts will not be concerned with the wisdom or desirability of the zoning. This court cannot substitute its judgment for that of the agency of government which is charged with the duty and responsibility of zoning. *Baum v. City and County of Denver,* 147 Colo. 104, 363 P.2d 688; *Frankel v. City and County of Denver,* 147 Colo. 373, 363 P.2d 1063. Application of these principles to the record before us disposes of much of the argument advanced on behalf of the plaintiffs.

With reference to the numerous objections

which were directed to the procedures before the Planning Commission and the Board of County Commissioners, it is sufficient to say that they are highly technical and are without sufficient weight to require a reversal of the judgments. Substantial compliance with the statutory provisions applicable to resolutions of county commissioners on the subject of zoning is what the law requires. *Gordon v. Board of County Commissioners, et al.,* 152 Colo. 376, 382 P.2d 545; *Latorra v. Board of County Commissioners,* 156 Colo. 495, 400 P.2d 196. In the instant action the statutory procedural requirements were met with more than usual care.

There was no lack of jurisdiction on the part of the Board of County Commissioners. Any and all pertinent issues of fact were determined on competent evidence in a manner adverse to the contentions of the plaintiffs. A careful analysis of the evidence and the full record as made before the Commission and the district court, fails to disclose an abuse of discretion on the part of the Commissioners.

The judgments accordingly are affirmed.