Keating, J.
The appellants own about one acre of residentially zoned property on the northeast corner of Schwab Road and Route 110 in the Town of Huntington. They contend, thus far unsuccessfully, that the property is unsuitable for residential use and that the zoning classification so restrictive is unconstitutional in its application to their premises.
Route 110, in the vicinity of appellants’ property, is a heavily travelled north-south artery running through the Town of Huntington. Abutting property on Rdute 110 is commercially zoned and commercially used. Adjoining appellants’ property to the north on Route 110 are, successively, three empty stores, a bank and a large shopping center containing three major department stores, Korvette, Macy’s, and Abraham and Strauss. In the rear of Korvette’s department store is a tire center which services automobiles until late in the evening. From the pneumatic devices used therein irritating noises emanated throughout the day. Across Schwab Road, directly to the south of appellants’ property, is a Friendly Frost store. Across Route 110, directly to the west of the premises, is a supermarket. Diagonally across Route 110, at the southwest corner, are a number of small retail stores. This leaves only the property to the east of appellants’ land, on Schwab Road, for consideration. It, like appellants ’ property and the remainder of the property to the east, is residentially zoned, but, save for a single residential neighbor, the rest of the street to the next intersection will be used by the New York Telephone 'Company for housing electronic equipment to serve the community. This is a permitted qse for the residentially zoned Schwab Road,
*355 The total picture which thus emerges has the appellants and one residential neighbor immersed in a well-travelled, highly commercial shopping area, aptly described by the town’s own expert as “ the hottest in Long Island.”
The chronology of events sheds some light on the evolution of the present situation. When appellants purchased the premises in 1950, the property was then in a quiet residential area. In 1955, the State undertook to widen and relocate the old Boute 110 and, in so doing, a portion of the appellants’ premises was taken. In 1959, the Town of Huntington rezoned appellants’ property along with other land on the north side of Schwab Boad as a Planned Shopping Center District, authorizing its use for the normal run of retail outlets usually found in suburban shopping areas. Construction of the shopping plazas already mentioned followed. Thereafter, in July, 1962, the appellants applied for permission to construct a restaurant on their property, then commercially zoned. The following month, the property was again rezoned by the town for residential use, allowing it to be used only for a home, church, school, library, fire station, telephone exchange, or professional office of a person who resides on the premises.
Justification for the rezoning of appellants’ property is grounded on the community’s desire to retain the residential character of Schwab Boad and to alleviate — or at least not compound — the already serious problem of traffic congestion existing at the intersection of Schwab Boad and Boute 110.
The appellants are entitled to succeed only if they have shown that the zoning ordinance, as applied to their property, is clearly arbitrary and unreasonable (Summers v. City of Glen Cove, 17 N Y 2d 307). If the classification is fairly debatable, it must be allowed to stand (Shepard v. Village of Skaneateles, 300 N. Y. 115). If, on the other hand, the ordinance goes so far as to preclude the use of the property for any purpose to which it is reasonably adapted, it is confiscatory and unconstitutional (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493).
No doubt, every restriction on the unincumbered use of property may impose a burden, provoke hardship, or adversely affect value (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302). That is one of the prices of society. But the question in each case is ultimately one of reasonableness and that, in turn, *356 depends on a total view of the relevant facts and circumstances.
Traffic congestion is a legitimate concern of government — readily brought within the police power to zone for the health, safety and welfare of the community (Matter of Larkin Co. v. Schwab, 242 N. Y. 330). So too is the goal of retaining the residential character of a neighborhood (Matter of Wulfsohn v. Burden, supra). But if these aims, admirable as they may be, have the effect of depriving a property owner of making any reasonable use of his property, there is a taking in violation of the Constitution. We think this is such a case.
At the outset, we note a certain paradox. The town, as already stated, rests its ordinance on the dual desire to retain the residential character of the area and to relieve a congested traffic problem. But as the court at Special Term commented: “ These arguments are somewhat contradictory. If Schwab Road is already congested then residential characteristics have been somewhat diminished, and the rationale appears to be slightly unrealistic” (46 Misc 2d 604, 606). In other words, as borne out by the facts, the residential character of Schwab Road has already been substantially destroyed at the corner of Route 110 by the density of traffic. At best, the retention of the property as residential would only serve to prevent a further increase in traffic, but it would do nothing to affect the character of the property as it now exists. As we said in another context, ‘ ‘ However compelling and acute the community traffic problem may be, its solution does not lie in placing an undue and uncompensated burden on the individual owner of a single parcel of land in the guise of regulation, even for a public purpose ” (Vernon Park Realty v. City of Mount Vernon, supra, p. 498).
Situated as the property is, adjacent to a large shopping area, it can hardly be said that the land is reasonably adapted to residential use. This does not mean, of course, that it is impossible to use the property as a residence. It has, in fact, been so used since 1950. But, in the intervening years, the character of the surrounding area has changed so radically that it is unreasonable to demand that the property be continued for use as a residence only. The burdens of traffic on Route 110, the noise, and the stores in the area, all contribute to making the property unsuitable for residential use — a fact amply established by the evidence.
*357 Although there is a wide spread between the value of the property as presently zoned and its value, if zoned for commercial use, this disparity, of course, does not ipso facto render the restrictive zoning unconstitutional (Matter of Wulfsohn v. Burden, supra; Dowsey v. Village of Kensington, 257 N. Y. 221). In the circumstances, however, it is a significant indication of the use to which the property can reasonably be applied. When taken in conjunction with the factors already mentioned — the traffic and the adjacent shopping area — it becomes clear that the residential limitation is unreasonable. (See Rockdale Constr. Corp, v. Incorporated Vil. of Cedarhurst, 301 N. Y. 519; Summers v. City of Glen Cove, supra.)
Dowsey v. Village of Kensington [supra) presented a similar situation. There, as in the present case, residentially zoned property fronted on ‘ ‘ the most active thoroughfare of that district ”. And there, as here, the residential property was particularly adaptable for commercial use and located adjacent to commercially zoned land. Finally, there, as here, a great disparity existed between the value of the property limited to residential use and its value as commercial property. We held that the restriction was patently unreasonable in its application to the particular premises.
Similarly, in the present case, the property in question is so totally unadaptable for residential use that the existing ordinance, as applied to it, amounts practically to confiscation. It is, therefore, unreasonable and void in its application to the appellants’ premises.
The order of the Appellate Division should, therefore, be reversed, with costs in all courts.