No. 21859.

FREDERICK MADIS AND ISABELLE MADIS *v.* RUSSELL HIGGINSON, HENRY C. KIMBROUGH AND WARREN CHRISTENSEN, INDIVIDUALLY AND JOINTLY CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS EX-OFFICIO COUNTY PLANNING COMMISSION OF THE COUNTY OF DOUGLAS, STATE OF COLORADO.

(434 P.2d 705)

Decided December 11, 1967.

THURMON, GREGORY and GREGORY, for plaintiffs in error.

No appearance for defendants in error.

HOWARD S. PINE, amicus curiae.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS writ of error is directed to an order of the Dis-

trict Court of Douglas County, affirming an order of the Board of County Commissioners (hereinafter called the Board), which denied a change in zoning requested by plaintiffs in error, Frederick Madis and Isabelle Madis (hereinafter referred to as plaintiffs, or by name).

Plaintiffs applied to the Board, sitting ex officio as the Douglas County Planning Commission, for a change in zoning of 30 acres of land northwest of the city of Parker, from a residential to an agricultural zoning classification.

· The land was zoned for residential use when plaintiffs purchased a total of 40 acres in November of 1959. Thereafter, plaintiffs entered into a contract for removal of clay from the property, a use which was prohibited under the residential zoning classification. Sometime in 1959, plaintiffs gave a gratuitous easement to the Douglas County Soil Conservation District for the construction of a flood control dam. The dam was constructed in 1964. Plaintiffs contended before the Board that erection of the dam had rendered the 30 acres unsuitable for residential use and requested a change to agricultural zoning, under which the removal of clay would be permissible. Owners of residentially zoned property adjacent to plaintiffs' property appeared in opposition to the re-zoning.

In denying plaintiffs' application, the Board found that plaintiffs were charged with knowledge of the restrictions imposed on the use of their land by the residential zoning which had been in effect since 1955; that adjoining lands had been re-zoned for residential use since 1955, and that owners of adjoining lands had made "substantial investments" in residential housing in reliance on the existing zoning; that rezoning plaintiffs' land would constitute "spot zoning" and that the existing zoning was not unreasonable in its application to plaintiffs, "in view of the potential value of this and other residential lands . . . in the area."

·· Plaintiffs sought review of the Board's decision in the

district court, under R.C.P. Colo. 106, on the grounds that the action of the Board was "capricious and arbitrary and an abuse of its discretion," contending that the operation of the zoning ordinance was confiscatory as applied to their land and that the refusal of the Board to grant the relief requested had resulted in a "taking" of plaintiffs' land without compensation and without due process of law, in contravention of Amendment XIV of the United States Constitution, and Article II, sections 15 and 25, of the Colorado constitution.

The district court affirmed the action of the Board, finding that any hardship to plaintiffs was "self-imposed," since they conveyed the easement to the Douglas County Soil Conservation District "with complete knowledge of what uses to the land they were giving up"; that if there had been a "taking" of the land, it was by the Soil Conservation District and not by the operation of the zoning ordinance; that the Board did not abuse its discretion in refusing to allow a clay mine to operate in a residentially zoned area, and that "there was ample evidence at the hearing to support the decision rendered by the Board."

 The sole question presented to the district court by the Rule 106 proceeding, and the sole question presented by this writ of error, is whether the Board abused its discretion in refusing the requested zoning change. *Johnson v. Board of County Commissioners,* 158 Colo. 311, 406 P.2d 338. Since we find that the district court correctly determined that there had been no abuse of discretion, we affirm.

 At the Board hearing, the burden was on the plaintiffs to show that they had been deprived of *all* reasonable use of their property, *by the operation of the zoning ordinance.* The due process and just compensation clauses of the Federal and State constitutions do not require that zoning ordinances permit a landowner to make the most profitable use of his property or be held to be unconstitutional in their operation.

*Baum v. City and County of Denver*, 147 Colo. 104, 115, 363 P.2d 688, 693, citing *Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303. The evidence offered by plaintiffs consisted largely of their own testimony and that of a representative of the Douglas County Soil Conservation District and an adjoining landowner from whom they had purchased the property. This evidence showed only that in some areas, the exact extent of which was established neither by the testimony nor by the maps submitted, it would not be feasible to build homes because of the danger of flooding from the dam. Madis testified that he wanted to use the land for agricultural purposes, and that his main concern was the difference in tax rates between land zoned for residential and for agricultural purposes. He admitted on cross-examination, however, that some agricultural uses were permitted under residential zoning. The other witnesses made general statements that in the event of flooding, water might back up to the eastern boundary of plaintiffs' land, but were unable to give the exact location of the high water line. The map of the dam site does not supply the deficiency, since it does not show the boundaries of plaintiffs' property. There was also evidence that surrounding neighbors had bought land and built homes predicated on the residential zoning in the area.

Moreover, the record before the Board clearly evidenced the fact that the limitation on plaintiffs' use of their property was brought about by their own voluntary act in giving the easement for the dam, rather than by the zoning ordinances. Madis testified at the Board hearing that they gave the easement with complete knowledge of what uses they were giving up by making the conveyance. The voluntary gift of the easement to the Conservation District, whatever its effects may have been upon the residue of the plaintiffs' property, certainly did not compel the Board to legalize the use which the plaintiffs were illegally making of the

property, that is, a clay mining operation. An owner cannot create his own hardship and then require that zoning regulations be changed to meet that hardship. *Levy v. Board of Adjustment,* 149 Colo. 493, 369 P.2d 991. As the trial court aptly noted, had condemnation of the easement taken place the plaintiffs would have been entitled to compensation for the easement and damages to the residue of their property. Their voluntary deed must be assumed to have taken into account the damages to the residue. Under these circumstances, they cannot use their voluntary conveyance as a springboard from which to demand that the Board of Commissioners see to it that they profit by this conveyance through a change in the zoning ordinances.

The record clearly shows that the decision of the Board was supported by evidence and that under the circumstances of this case there was no abuse of discretion in the Board's refusal to change the zoning ordinances. The district court was correct and applied the proper principles of law.

The judgment is affirmed.