No. 23375.

WILBUR G. WRIGHT AND WILLIAM I. ANDERSON *v.* THE CITY OF LITTLETON, A MUNICIPAL CORPORATION; A. R. BESSETTE, DOUGLAS F. COX, THOMAS R. HEATON, JOHN G. KINGHORN, JR., RICHARD E. MACRUM, DR. FRANK P. MARTURANO, VICTOR J. ROSS, JR., AS THE CITY COUNCIL OF THE CITY OF LITTLETON, COUNTY OF ARAPAHOE, STATE OF COLORADO; AND CARL M. BROBERG, CITY MANAGER, CITY OF LITTLETON.

(483 P.2d 953)

Decided April 19, 1971.

Donald J. McClure, Robert J. Flynn, for plaintiffs in error.

Alan L. Sternberg, for defendants in error.

320

Mr. Justice Kelley delivered the opinion of the Court.

This Writ of Error is directed to an order of the District Court of Arapahoe County dismissing a Complaint under C.R.C.P. 106(a)(4), filed by Wilbur G. Wright and William I. Anderson, plaintiffs, challenging the denial of their request for certain zoning of a tract of land which had been recently annexed to the City of Littleton.

Wright and Anderson purchased the subject property in February of 1964, at which time the property was zoned R-2 by virtue of prior zoning. In the fall of 1964, upon plaintiffs' application, the County Commissioners zoned the tract B-1. Subsequently, in February, 1967, the City of Littleton annexed an area of 180 acres, which included the tract in question.

Following annexation, the City Council held a public hearing relative to zoning the newly annexed area. Plaintiffs requested zone classifications that would permit, in one portion of their tract, the erection of a shoppette and gasoline filling station. This zoning was contrary to the City's master plan, and contrary to the desires of property owners who had purchased and developed the adjacent area for homes in reliance upon the master plan. The Planning Commission recommended that that particular portion of the tract be classified zone "T," which did not permit the requested uses. In fact, the City Council zoned the entire Wright-Anderson Tract "T" (transitional).

Plaintiffs predicate error on (1) abuse of discretion by the City Council, and (2) violation of their rights guaranteed under Colo. Const. art. II, §§ 3, 15, and 25. We hold that there was no error in the trial court's judgment.

I.

The alleged abuse of discretion on the part of the City Council in not classifying the property in accordance with the plaintiffs' request is based on the con-

tention that the evidence presented by the plaintiffs at the public hearing established a prima facie case, whereas the evidence of those who protested failed to overcome that prima facie case. This concept has relevance in judicial, but not legislative proceedings. *Baum v. Denver*, 147 Colo. 104, 363 P.2d 688.

Other facets of the plaintiffs' arguments as to abuse of discretion will be covered in part II of this opinion.

## II.

The plaintiffs assert that,
"A landowner has the right of unrestricted use of his property. To abrogate that right it must clearly be shown by the zoning body that the use to which the owner desires to put the land would imperil or harm others."

In support of the foregoing contention, plaintiffs rely upon Colo. Const. art. II, §§ 3, 15, and 25, which, in part, provides:
(§ 3) "All persons have certain natural, essential and inalienable rights ... of acquiring, possessing and protecting property; ..."
(§ 15) "Private property shall not be taken or damaged for public or private use without just compensation."
(§ 25) "No person shall be deprived of life, liberty or property without due process of law."

 In answering the constitutional challenge, we begin with the basic tenet that a zoning ordinance, like other legislative enactments, is presumed to be valid; that one assailing it bears the burden of proving its invalidity beyond a reasonable doubt. *Madis v. Higginson*, 164 Colo. 320, 434 P.2d 705; *Baum v. Denver, supra.*

Plaintiffs cite *Willison v. Cooke*, 54 Colo. 320, 130 P. 828, in support of their argument. *Willison* was decided in 1913. It did not involve a zoning ordinance, but a building ordinance, which required the owner of a lot to get the consent of the majority of the property owners in the same block on the same side of the street and the majority of the owners on the opposite side of the street,

in order to erect a building on his lot. In declaring such a restriction invalid, this court stated,

"One of the essential elements of property is the right to its unrestricted use and enjoyment; and, as we have seen, *that use cannot be interfered with beyond what is necessary to provide for the welfare and general security of the public.*" (Emphasis added.)

Plaintiffs relied on the general proposition, overlooking the qualification which appears in the underscored language. It should also be noted that zoning ordinances were uncommon in 1913. In fact, the first comprehensive zoning law was not enacted until 1916 by New York City. *C. Rhyne, Municipal Law,* § 32-1. Now they are in general use. Municipal zoning ordinances are constitutional in principle as a valid exercise of the police power when reasonably related to public health, safety, morals, or general welfare. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016.

Plaintiffs, as we understand their argument, are not challenging the constitutionality of the Littleton zoning ordinance as such. Their quarrel is with its application to them.

Zoning ordinances are subject to the usual limitations applicable to the exercise of the police power. Consequently, the burden of proof on this issue is upon the plaintiffs. *Madis v. Higginson, supra.*

The uses to which the property could be put when acquired by the plaintiffs, and after rezoning by the Board of County Commissioners, were more limited and restricted than those permitted by the later "T" classification which Littleton ordained. Under these circumstances, it cannot be said that the action of the Council was arbitrary and capricious.

On one portion of the tract in question, the plaintiffs, at the time of the annexation and prior to the rezoning, were constructing an office building. Upon rezoning by Littleton, the remaining part of the tract could be used

for all uses permitted by the previous county zoning (including office buildings), except warehousing.

■ The plaintiffs offered no evidence to prove that it was not possible to use and develop the property for any or all of the uses enumerated in the ordinance. Thus, there is no showing that the City's zoning deprived the plaintiffs of their property without just compensation, nor without due process. *Madis v. Higginson, supra.* Their evidence showed that they had a petroleum marketing company ready, willing, able and anxious to build a combination shoppette and filling station. This did not suffice to meet their burden.

In *Madis, supra,* we stated,

"At the Board hearing, the burden was on the plaintiffs to show that they had been deprived of *all* reasonable use of their property, *by the operation of the zoning ordinance.* The due process and just compensation clauses of the Federal and State constitutions do not require that zoning ordinances permit a landowner to make the most profitable use of his property or be held to be unconstitutional in their operation."

■ The final argument on constitutionality is premised on a concept which the plaintiffs apparently borrowed from the law of eminent domain; that is, that they have been denied the right to develop the property to "its highest and best use."

This was answered in *Baum, supra,* where we held,

"The *Colby, Colorado Springs* and *Hoskinson* cases clearly establish the principle that a zoning ordinance is not unconstitutional because it prohibits a landowner from using or developing his land in the most profitable manner. Limitation of use is an essential and fundamental purpose of all zoning."

The judgment is affirmed.

Mr. Justice Lee not participating.