No. 23701.

EUGENE O. BIRD *v.* CITY OF COLORADO SPRINGS, CITY COUNCIL OF THE CITY OF COLORADO SPRINGS, AND T. EUGENE McCLEARY, BETTY F. KROUSE, LAWRENCE D. OCHS, WILLIAM H. BECKER, JAMES K. JOHNSON, HAROLD HAWKS, CARL F. ANDREWS, GEORGE F. PFALMER AND ANDREW MARSHALL, JR., AS COUNCILMEN OF SAID CITY COUNCIL.

(489 P.2d 324)

Decided September 27, 1971. Rehearing denied October 26, 1971.

STRAND, HOLST and HILBERT, EDWIN STRAND, for plaintiff in error.

F. T. HENRY, WILLIAM T. ECKHART, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS case involves the power of a city to change zoning on recently annexed property.

In 1960, plaintiff Bird acquired ownership of a lot located in an unincorporated area of El Paso County. It was zoned C-2 (suburban business district) by the county. In 1967, this lot was in a tract of land annexed to the City of Colorado Springs, which shortly thereafter included plaintiff's lot in an area rezoned to a R-5 (multi-family residential) classification. The use of plaintiff's lot as a storage yard for plumbing supplies and fixtures, a non-conforming use, continued. The city made no effort to curtail this use nor is this use challenged in this action.

Plaintiff brought suit pursuant to 1965 Perm. Supp., C.R.S. 1963, 139-21-15, seeking to enjoin the City from enforcing the R-5 classification against the plaintiff's land, and, in the alternative, asking that the land be rezoned C-6 (General Business Zone) as equivalent to El Paso County C-2 zoning. The trial court, on the basis of stipulated facts, denied plaintiff's requested relief. On writ of error, the plaintiff urges reversal for several reasons which, in our view, are without merit. We therefore affirm the judgment of the trial court.

I.

The plaintiff contends that the City's action in changing the zoning was unreasonable, arbitrary and capricious without any showing of a need therefor or any change of conditions requiring R-5 zoning in the best interests of public health, safety and welfare. Plaintiff also argues that the county zoning was entitled to a presumption of validity.

To provide for the health, safety and welfare of its citizens and the general public, a city has the power to classify land within its boundaries for specified uses. *City of Colorado Springs v. Miller,* 95 Colo. 337, 36 P.2d 161. Once this power is exercised, it is entitled to a presumption of validity and one assailing it, bears the burden of overcoming that presumption, and courts indulge every intendment in favor of its validity. *Orth v. Board of County Com'rs for Boulder County,* 158 Colo. 540, 408 P.2d 974; *Huneke v. Glaspy,* 155 Colo. 593, 396 P.2d 453. To overcome this presumption, the one claiming invalidity must establish such invalidity beyond a reasonable doubt. *Baum v. Denver,* 147 Colo. 104, 363 P.2d 688.

The trial court in substance found that the plaintiff has not proven beyond a reasonable doubt that the action of the City was unreasonable, arbitrary or capricious. The record amply supports the trial court's conclusion. It is axiomatic that the purpose of zoning

is to provide for orderly growth of a community and to structure that growth in such a way that it will conform to the desires of the citizens of the community and produce a well ordered and designed result in the end. It is true, as plaintiff suggests, that 1965 Perm. Supp., C.R.S. 1963, 139-21-14 does not allow the city to impose arbitrary or automatic uniform zoning upon lands which it annexes in the future. In fact, the plaintiff did not allege that the city imposed automatic uniform zoning upon the land in question. The city, however, is allowed to impose zoning restrictions on annexed lands, after annexation, in order that those lands may be accommodated into the orderly growth patterns of the city. The entire purpose of zoning would be frustrated if a city was strictly bound to zoning restrictions in existence at the time of annexation. The city could then no more provide for orderly growth than if it had no zoning law at all.

■■ The foregoing discussion adequately disposes of plaintiff's argument that the county zoning is entitled to a presumption of validity. What plaintiff says would be true if the county zoning classification was challenged at the county level. However, when the city annexed the land in question, the power to zone that land shifted to the city. The record before us indicates that the city considered the nature of the land and the county zoning at the time it imposed the new zoning classification. As mentioned above, the city is in no way bound by the county zoning plan. When the land becomes part of the city, the city can zone the land and it is that city zoning which is entitled to a presumption of validity.

II.

■ The plaintiff asserts that he had a vested interest in County C-2 zoning. It is the law of this state that "one who owns, or who acquires property, must be ever mindful of the right of the state or city to exercise its leg-

islative authority for the common good." *City of Colorado Springs v. Miller, supra.*

 Whether zoning provisions are reasonable and for promotion of public health, safety, and welfare, is to be determined by the court from facts, circumstances, and locality in the particular case. *DiSalle v. Giggal,* 128 Colo. 208, 261 P.2d 499. The trial court determined that plaintiff had not made a sufficient showing of unreasonableness. The evidence shows that the plaintiff was free to continue to use the land as he had before the zoning change. Subject to existing non-conforming uses, a city has the authority to lift or modify zoning regulations. *Westwood Meat Market, Inc. v. McLucas,* 146 Colo. 435, 361 P.2d 776. A zoning resolution may legally restrict the right of a landowner to extend or enlarge a non-conforming use. *Wasinger v. Miller,* 154 Colo. 61, 388 P.2d 250.

### III.

 Lastly, the plaintiff argues that the reduction and change of use for his lot amounts to a taking in violation of the constitutional provisions as to due process. It is well established that the due process and just compensation clauses of the State and Federal Constitutions do not require that zoning ordinances permit a landowner to make the most profitable use of his property. *Madis v. Higginson,* 164 Colo. 320, 434 P.2d 705. In order for there to be a taking, the burden rests upon the landowner to show that he has been deprived of all reasonable uses of his land. If the land in question is susceptible to any reasonable or lawful use under the classification imposed by the city, the ordinance will be allowed to stand. *Roeder v. Miller,* 159 Colo. 436, 412 P.2d 219. In Colorado, the test of invalidity has been set forth in *Baum v. Denver, supra:*

"Zoning ordinances or regulations will not be declared unreasonable and arbitrary unless plainly and palpably so, or if enforced the consequent restrictions will pre-

clude the use of the property for any purpose to which it is reasonably adapted, and if the reasonableness thereof is fairly debatable such ordinance must be upheld."

In the present case, plaintiff has not met this burden of proof by showing that his land was not susceptible to any reasonable use under R-5 zoning. He has not shown such a vested interest in his property as would foreclose the zoning change made by the city. He has not shown that city's action bore no reasonable relation to the public health, safety, or welfare as to require its invalidation.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.