## No. 24883

Rex T. Garrett and Martha Ann Garrett v. The City of Littleton, a Municipal Corporation; The City Council of the City of Littleton, Colorado; A. R. Bessette, F. Vaughn Gardinier, Waller R. Hurtt, Raymond C. Koernig, Jr., Thomas E. Kristopeit, Harold L. Meyer and Carle C. Zimmerman, Jr., as Members of the City Council of the City of Littleton, Colorado

(493 P.2d 370)

Decided January 31, 1972.

Richard N. Graham, for plaintiffs-appellees.

Alan L. Sternberg, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a judgment of the Arapahoe County District Court reversing a decision of the Littleton City

Council which denied a rezoning application by two Littleton landowners. Rex T. and Martha Ann Garrett were the plaintiffs in the trial court. The City of Littleton and the Littleton City Council were defendants in the trial court, and are appealing here a judgment of the district court adverse to them.

The essential facts of this case are uncontroverted. The Garretts own two undeveloped lots which front on South Broadway Street in Littleton. South Broadway is a major city street which runs north and south. This land is presently zoned R-2, which permits single family residences. South and west of the Garretts' property the land is zoned R-4 and R-5 and this property is being developed for multiple family dwellings. The land immediately north of the Garrett property is zoned B-1 and east across South Broadway the land is zoned B-2.

In 1970, the Garretts petitioned the Littleton City Council to rezone the two lots from R-2 and B-1. At a hearing before the City Council, the Garretts stated that the neighborhood around their land had changed from a residential to commercial use since the land was purchased in 1959, and that, therefore, the R-2 zoning classification was now impractical and confiscatory. As evidence of this the Garretts produced photographs of nearby retail commercial establishments, a traffic count, and two letters from local savings and loan associations stating that financing for residential construction on the Garretts' property would be impossible due to the high traffic and surrounding business developments. In support of their request to rezone the lots to a B-1 category, the Garretts testified that they had been in contact with the owner of a flower shop who had agreed to move onto their property and open a florist shop there if the City Council rezoned the land B-1. There was before the City Council a recommendation of the Planning Commission recommending a denial of the request for a B-1 zone on the grounds it was not compatible with adjacent R-2 zoning and would constitute strip zoning.

At the conclusion of the hearing, the City Council denied

the application for rezoning. The Council listed three reasons for its decision: (1) There had not been a change in the general character of the neighborhood; (2) a B-1 classification for the property would adversely affect the adjacent homes to the south and west; and, (3) there had been no error in the original R-2 zone.

The Garretts thereupon appealed the matter to the Arapahoe County District Court. After hearing arguments from the Garretts and the Littleton City Council, the court decided that "the City Council's position in denying Plaintiff's rezoning [is] untenable." Finding that the evidence supported a conclusion that the property was not capable of being developed for single-family R-2 use and was capable of being developed for commercial B-1 use, the court ordered the City Council to rezone the Garretts' property as B-1.

The court, in its findings, remarked that no application had been made for R-4 or R-5 zoning, and if such had been made it might have been granted.

The City of Littleton and Littleton City Council appeal from this judgment and decision of the district court. They contend that the court erred in ordering the City Council to rezone the property B-1. We agree and reverse the judgment of the district court.

Of crucial importance in this case is the fact that the Littleton Zoning Code has several available categories of zoning districts between R-2, the Garretts' present zone, and B-1, the requested zone. These intermediary zones are as follows: R-3 allows single family dwellings and any other use permitted in an R-2 district. R-4 allows two-family and multiple-family dwellings and any use permitted in R-3. R-5 allows colleges, boarding-houses, private medical centers, religious institutions, and any use permitted in R-4.

In their arguments before the City Council and the district court, the Garretts failed to offer any evidence showing that their property could not be used for any of the purposes permitted by any of these zones between R-2 and B-1. All their evidence and testimony was introduced for the purpose of showing first that their property could not be

developed in the present R-2 category, and second, that it was capable of being developed in a B-1 zone. The Garretts' failure to also demonstrate that zone categories R-3, R-4 and R-5 do not afford any reasonable use of the property compels us to reverse the district court judgment ordering the Littleton City Council to rezone the land B-1. As we have pointed out, the trial court's decision is based solely on the ground that the land cannot be used for a single-family use and can be used for B-1. Such a finding is not in itself sufficient upon which the court could order the Council to rezone the land to B-1.

We have held that in order to obtain rezoning to permit a use which the applicant seeks, he must prove that it is not possible to use and develop the property for any other use enumerated in the existing zoning. *Wright v. Littleton,* 174 Colo. 318, 483 P.2d 953, *Baum v. Denver,* 147 Colo. 104, 363 P.2d 688. Similarly, if one seeks a lower classification of zoning than the zone presently existing, he must prove that it is not possible to use and develop the land for any uses permitted in zones which are in between the zone sought and the presently existing zone.

We have repeatedly held that the establishment of various use zones is strictly within the province of the legislative branch of the government. *Littleton v. Quelland,* 153 Colo. 515, 387 P.2d 29; *Frankel v. Denver,* 147 Colo. 373, 363 P.2d 1063; *Nelson v. Farr,* 143 Colo. 423, 354 P.2d 163. The reason for this rule is obvious. Courts are not equipped to make the decisions necessary to determine whether and how to zone particular parcels of land and cannot therefore sit as a "super-zoning commission." *Baum v. Denver, supra; Robinson v. City of Bloomfield Hills,* 350 Mich. 425, 86 N.W.2d 166. By ordering the City Council to rezone the Garretts' property to a B-1 classification when there were several potentially applicable zones between B-1 and R-2, there was implicit in the court decision a determination that these other possible zones also deprived the Garretts of their property without due process of law. This kind of determination is a clear example of a judicial body substitu-

ting its judgment for that of the governmental body charged with the duty and responsibility of zoning and as such the district court's order was improper. *Orth v. Board of County Com'rs.,* 158 Colo. 540, 408 P.2d 974.

By his petition, the plaintiff sought to have the court declare that he had the right to use the real estate for the purpose of building a commercial structure thereon as sought in the rezoning application. Since the record before the City Council and before the court does not contain sufficient evidence to sustain such a finding, the judgment of the district court must be reversed and the complaint ordered dismissed, without prejudice to the applicant to file another application for rezoning to an appropriate zone.

MR. JUSTICE GROVES concurring in part and dissenting in part. MR. JUSTICE ERICKSON dissenting.

MR. JUSTICE GROVES concurring in part and dissenting in part:

My dissent is limited to the remand contained in the majority opinion. I would not compel the Garretts to file another application and recommence proceedings; rather, I would permit them after adequate notice to attempt to make a further showing to the City Council that categories R-3, R-4 and R-5 will not permit any reasonable use of the property. I would also permit them, if they so desired, to amend their application to request a zoning change to one of the intervening categories. Again, there should be adequate notice of any hearing thereunder.

While under the Littleton ordinance they may be able to file an application for rezoning immediately, I suspect that in some municipalities the ordinances require a relatively long waiting period between successive applications. If a person is being unconstitutionally deprived of his property, he should not be required to wait a long period of time for realization of his rights simply because he applied for the wrong category. Further, if they are entitled to a change, I see no need to have two or more proceedings until they apply for the correct category.

MR. JUSTICE ERICKSON dissenting:

The Garretts' appeal to the district court was premised on two grounds: (1) that the *decision* of the City Council in denying their requested change in zoning from R-2 to B-1 was arbitrary and capricious; and (2) that the R-2 *zoning ordinance* was unconstitutional as applied to their property because it precluded the use of the property for any purpose to which it could be reasonably adapted.

Under the first claim for relief, the Garretts sought to have this Court compel the City Council to grant the requested change in zoning from R-2 to B-1. Under the second claim for relief, the Garretts sought to have this Court declare the R-2 zoning ordinance unenforceable as to their property.

The majority opinion has treated this case as if it only involved the issue of whether the *decision* of the City Council was arbitrary and capricious. In effect, the Court concluded that if the Garretts were not entitled to have their property rezoned B-1, then no relief could be granted. Upon determining that the Garretts failed to show that B-1 zoning was the only zoning reasonable for their property under the circumstances, the Court reversed the judgment of the district court and dismissed the Garretts' complaint.

It seems perfectly clear that the majority opinion has avoided answering the very issue that caused the case to be brought before this Court. Had the Garretts not challenged the constitutionality of the zoning ordinance as applied to their property, this case could and should have been decided by the Colorado Court of Appeals. 1969 Perm. Supp., C.R.S. 1963, 37-21-2. The allegations in the Garretts' complaint were sufficient to raise the constitutional issue, and this Court was forced to either declare the R-2 zoning ordinance unconstitutional and unenforceable as applied to the Garretts' property or sustain its validity.

In this case, the district court found that the evidence supported a conclusion that the R-2 zoning deprived the Garretts of any reasonable use of their property. That finding is unchallenged by the majority opinion of this Court. It follows that the R-2 zoning ordinance should have been

174

declared unconstitutional and unenforceable as to the property in question. *Francis v. City and County of Denver,* 160 Colo. 440, 418 P.2d 45 (1966); *accord, Stevens v. Huntington,* 20 N.Y.2d 352, 229 N.E.2d 591 (1967); *National Brick Co. v. County of Lake,* 9 Ill.2d 191, 137 N.E.2d 494 (1956); *see Huneke v. Glaspy,* 155 Colo. 593, 396 P.2d 453 (1964); *Baum v. City and County of Denver,* 147 Colo. 104, 363 P.2d 688 (1961). *See also, Manilow v. Miami Beach,* 213 So.2d 589 (Fla. App. 1968), *cert. discharged,* 226 So.2d 805, *cert. denied,* 397 U.S. 972.

Under these circumstances, the property owner was entitled to have his property rezoned in accordance with constitutional and statutory requirements if the City Council desired to impose any limitations upon its use. *National Brick Co. v. County of Lake, supra; Buono v. Board of Zoning Appeals,* 143 Conn. 673, 124 A.2d 915 (1956); *see Morris County Land Improvement Co. v. Township of Parsippany-Troy Hills,* 40 N.J. 539, 193 A.2d 232 (1963).