497 P.2d 335 (1972)
TRANS-ROBLES CORPORATION, a California corporation, and Continental Mortgage Investors, a Massachusetts Business Trust, Plaintiffs-Appellees,
v.
CITY of CHERRY HILLS VILLAGE, a municipal corporation, et al., Defendants-Appellants.
No. 70-571.
Colorado Court of Appeals, Div. I.
April 11, 1972.
Rehearing Denied April 25, 1972.
Certiorari Granted June 5, 1972.
Gorsuch, Kirgis, Campbell, Walker and Grover, Richard B. Harvey, Denver, for plaintiffs-appellees.
Berge, Martin & Clark, Bruce D. Pringle, Denver, for defendants-appellants.
Selected for Official Publication.
ENOCH, Judge.
The appellees, Trans-Robles Corporation and Continental Mortgage Investors, were plaintiffs in the district court and will be referred to as developers or by name. The appellants, the City of Cherry Hills Village and certain officials of the city, were defendants in the trial court and will be referred to collectively as the City.
This action involves the validity of a zoning ordinance which amended the existing zoning and imposed a more restrictive classification on developers' property. The developers seek to have the ordinance declared invalid on the grounds that the City *336 acted arbitrarily, capriciously, unlawfully and in excess of its jurisdiction in the passage of the ordinance in question and, further, that the ordinance is unconstitutional as it applies to developers' land. The City brings this appeal from a judgment entered for developers. We affirm.
The property in question is part of Arapahoe County and on May 15, 1967, it was annexed by the defendant City. In 1939 or 1940, the property was zoned by Arapahoe County for single family residential use on building sites of not less than ½ acre. After the property was annexed by defendant City, the City passed an ordinance to provided for "temporary zoning", which continued the ½ acre zoning pattern. While this "temporary zoning" ordinance was in effect, a building permit was issued for one lot of approximately one acre on a tract of land covered by the ordinance. On August 28, 1967, the City passed another ordinance establishing minimum 2½ acre lots for the developers' property. It is the validity of this latter ordinance which is contested by developers.

I.
We affirm the trial court on the ground that the zoning ordinance of August 28, 1967 is unconstitutional as applied to developers' property in that its enforcement would preclude the use of developers' property for any purpose to which it is reasonably adaptable and is confiscatory. Bird v. City of Colorado Springs, Colo., 489 P. 2d 324; Baum v. City and County of Denver, 147 Colo. 104, 363 P.2d 688. We, therefore, do not consider the question as to whether the city council exceeded its jurisdiction or abused its discretion.
The record shows that during 1964 through 1966, a previous owner of the property cut rough streets and began installation of outfall sewer lines. Before the City zoned the property for 2½ acre minimum lots, developers made arrangements for sewer service and installed water and sewer lines and underground utilities. Further, developers had accomplished a considerable amount of street paving and installation of curbs and gutters. These improvements were all made to serve ½ acre lots. On the basis of these facts, the trial court found, and we agree, that the effect of the 2½ acre minimum zoning would be to foreclose any reasonable use of the land in that no rational system of lots could be laid out on the rezoned property utilizing the then existing system of streets, curbs, gutters, and underground utilities and water and sewer collection systems, nor could any reasonable combination of lots be put together allowing construction of a house on a lot of the required area with the specified setbacks.

II.
We have considered the recent decision of Garrett v. City of Littleton, Colo., 493 P.2d 370, and its applicability to the present case. In Garrett, the landowner sought a zoning change on the basis that the existing zone was unconstitutional as applied to his property. Our Supreme Court held that to establish the unconstitutionality of the existing zoning ordinance as applied to specific property, a landowner must show not only that the existing zone deprives him of the use of his property without due process of law, but also that all zone categories between the existing zone and the requested zone also do not afford any reasonable use of the property. We find this case inapplicable to the facts of the present controversy in that the property owner here does not seek a zone change, but is attempting to maintain the original zone as set by the City.

III.
The developers have raised additional questions as to the validity of the first "temporary zoning" ordinance and also as to the validity of the notice published prior to the passage of the second ordinance. In view of our holding on the other issues of this case, we need not consider these additional issues.

*337 IV.
The City also alleges that the trial court erred in driving past the premises in question to gain familiarity with its location and topography so it could better understand references in the record to the property. We do not find this to be reversible error in this instance. There is no indication that when the trial judge viewed the property it was not in substantially the same condition as when the ordinance in question was passed, nor is there any indication that the trial court was influenced by or based its decision upon any evidence not a part of the record.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.