508 P.2d 789 (1973)
CITY AND COUNTY OF DENVER, a municipal corporation and Anthony H. Jansen, Zoning Administrator of the City and County of Denver, Plaintiffs-Appellees,
v.
CHUCK RUWART CHEVROLET, INC., a Colorado corporation, and Charles H. Ruwart, Jr., Defendants-Appellants, and
Henry J. Davidson et al., Defendants.
No. 72-080.
Colorado Court of Appeals, Div. II.
April 10, 1973.
*790 Max P. Zall, Earl T. Thrasher, Robert M. Kelly, Denver, for plaintiffs-appellees.
Hindry & Meyer, P. C., Robert E. Temmer, Denver, for defendants-appellants.
Selected for Official Publication.
DWYER, Judge.
The plaintiffs-appellees, City and County of Denver, will be referred to as the City. The defendants-appellants, Chuck Ruwart Chevrolet, Inc., and Charles H. Ruwart, Jr., will be referred to as Ruwart. Henry J. Davidson; Roy E. Davidson; Estate of Donald A. Davidson, deceased; De Maria Davidson, Administratrix of the Estate of Donald A. Davidson, referred to herein as the Davidsons, were defendants in the trial court, but are not now parties to this appeal.
Ruwart, an automobile dealer, is the lessee of certain real property owned by the Davidsons. The property is zoned R-4 and is located on South Colorado Boulevard adjacent to the property where Ruwart operates an automobile sales agency. The Denver Municipal Zoning Ordinance does not permit property in an R-4 zone to be used for sale or storage of automobiles held for sale. Ruwart was using the subject property for such prohibited purposes, and the City brought this action for an injunction to restrain the Davidsons and Ruwart from using the real property in violation of the zoning ordinance. Ruwart in defense of the action asserted that the ordinance as applied was unconstitutional, and sought a judgment declaring the ordinance invalid and an injunction prohibiting the City from enforcing the zoning ordinance.
Trial was to the court which entered its judgment and decree enjoining the Davidsons and Ruwart from using the property in violation of the zoning ordinance. Ruwart has appealed. We affirm.
The trial court held that the claims and defenses asserted by Ruwart were barred by the judgment entered in a prior action between the parties. The previous action involved an application Ruwart filed on May 24, 1967, seeking to rezone the property to permit it to be used for the sale of automobiles. This application was ultimately denied by the City Council. Ruwart then commenced an action under C. R.C.P. 106(a)(4) seeking an order requiring the City to rezone the property. It was alleged in the complaint that the City Council had abused its discretion in denying the rezoning. The City, asserting that the court was without jurisdiction, filed a motion to dismiss for failure to state a claim. The trial court dismissed the complaint with leave to amend. No amended complaint was filed and the action was dismissed. Following the dismissal, the City brought the present action.
The complaint in the previous case raised the issue of whether the City Council had abused its discretion in denying the application for rezoning, and this was the only issue requiring adjudication by the court. The issues involving the unconstitutionality of the zoning ordinance as applied to the property which are raised in the instant action are different from the issues in the prior action, and such issues were not determined or necessary to the decision of the court in the prior action; therefore, the judgment in the prior action is not res judicata as to such issues. See Green v. Chaffee Ditch Co., 150 Colo. 91, 371 P.2d 775. Recently our Supreme Court in Atchison v. Englewood, Colo., 506 P.2d 140, stated:
"We reaffirm the rule that a declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the court. . . . A declaratory judgment, however, does not constitute an absolute bar to subsequent proceedings where the parties are seeking other remedies, even though based upon claims which could have been asserted in the original action." *791 Applying the principle underlying this decision to the present case, we hold that res judicata does not prevent Ruwart from asserting the unconstitutionality of the ordinance since such issue was not litigated in the prior action, and Ruwart is seeking an entirely different remedy.
Although the trial court determined that Ruwart's claims and defenses were barred by res judicata, the court did permit Ruwart to present all of its evidence, and since such evidence considered most favorably to Ruwart is insufficient to support any of Ruwart's claims, the judgment is affirmed.
In challenging the validity of a zoning ordinance, our Supreme Court has stated that it is incumbent upon the aggrieved party to establish that as applied to his property, the ordinance is confiscatory and deprives him of the use of his land without due process of law. Baum v. Denver, 147 Colo. 104, 363 P.2d 688. A zoning ordinance is presumed to be valid and one assailing it bears the burden of overcoming that presumption, and the courts indulge in every intendment in favor of the validity of the ordinance. Baum v. Denver, supra. In order for the courts to hold a zoning ordinance to be violative of the due process rights of a property owner or to interfere with the discretion of the zoning authorities in drawing zoning boundaries, the person challenging the zoning ordinance must establish beyond any reasonable doubt that the property cannot be devoted to any reasonable lawful use under the challenged ordinance. Madis v. Higginson, 164 Colo. 320, 434 P.2d 705; Denver v. American Oil Co., 150 Colo. 341, 374 P.2d 357; Baum v. Denver, supra. Ruwart's evidence measured by these standards was wholly insufficient to establish his claims of unconstitutionality. The record contains no evidence that it was not economically feasible to develop the property under the existing zoning.
Ruwart presented evidence that the most advantageous and profitable use of the property to Ruwart would be its use as a lot for the sales and storage of automobiles. An expert called by Ruwart testified that the highest and best use for the property would be for business purposes and that the R-4 zoning had a detrimental effect on the value of the property. Such evidence is insufficient to warrant a finding that the zoning ordinance is confiscatory and deprives Ruwart of the use of his land without due process.
The validity of zoning ordinances has never been determined by the highest and best use concept or in terms of profitability. Nopro Co. v. Cherry Hills Village, Colo., 504 P.2d 344; Wright v. Littleton, 174 Colo. 318, 483 P.2d 953; Nirk v. Colorado Springs, 174 Colo. 273, 483 P.2d 371; Madis v. Higginson, supra; Denver v. American Oil Co., supra; Baum v. Denver, supra. There is no right protected by the federal or state constitutions to gain the maximum profit from the use of property. Nopro Co. v. Cherry Hills Village, supra; Madis v. Higginson, supra; Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.
Ruwart contends that the R-4 zoning is discriminatory because other property along Colorado Boulevard in the general trade area of the subject property is zoned and used for business and commercial purposes including the use as automobile sales lots.
Ruwart presented no evidence showing discrimination against it within the R-4 district. See Roeder v. Miller, 159 Colo. 436, 412 P.2d 219. The fact that adjoining properties in other districts are put to different and more advantageous uses does not afford a basis for concluding there is a denial of equal protection of the laws. Nopro Co. v. Cherry Hills Village, supra; Roeder v. Miller, supra; Denver v. American Oil Co., supra; Baum v. Denver, supra.
Examination of the record discloses that the City established that the property was being used in violation of the zoning ordinance, and that Ruwart failed to present evidence constituting a defense. *792 In such cases injunctive relief is appropriate. Englewood v. Kingsley, Colo., 497 P. 2d 1004.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.