513 P.2d 241 (1973)
Dwaine R. RICHTER, Plaintiff-Appellant,
v.
CITY OF GREENWOOD VILLAGE, a Colorado municipal corporation, Defendant-Appellee.
No. 72-366.
Colorado Court of Appeals, Div. II.
August 8, 1973.
Martin P. Miller, Littleton, for plaintiff-appellant.
R. Val Hoyt, Englewood, for defendant-appellee.
Not Selected for Official Publication.
ENOCH, Judge.
This case concerns an application by Dwaine R. Richter, plaintiff-appellant, to the City of Greenwood Village (City), defendant-appellee, for a change of zoning. The City denied the request and upon review, the district court entered judgment for the City. We affirm.
Richter is the owner of 4.8 acres of land annexed to the City in 1967. On March 23, 1970, he filed an application for a change of zoning use from R-A (Residential-Agricultural) to B-1, (Professional Business District). The City Planning and Zoning Commission recommended that the requested change in zoning not be granted. The application was subsequently considered and denied by the City Council. Richter then prosecuted a review in district court which found that the City had not abused its discretion and that there was a sufficient basis for the City's denial of the requested change in zoning.
Richter contends that by denying a change in the zoning of the property from *242 residential to business, the City has acted in an arbitrary and capricious manner and in effect unconstitutionally taken his land by depriving him of any reasonable use of that property.
When a lower classification of zoning than that presently existing is sought, the landowner must demonstrate that it is not possible to use and develop the land for any uses provided in classifications defined between that sought and the presently existing one. Garrett v. City of Littleton, Colo., 493 P.2d 370.
Richter contends that the City Master Plan recommends only two designations for future development, residential and business-industrial park. He further contends that he demonstrated that the land could not be used for residential purposes and that therefore he had met the requirements set forth in Garrett, supra, and was entitled to the lower zoning classification.
All of Richter's evidence was directed toward showing that the land in question was not suitable for 2.5 acre residential plots but was suitable only for use as a site for office buildings. The strategy of this evidentiary posture was based upon the erroneous theory that (1) the Master Plan for the City is the final authority for zoning classification, and (2) that the plan limited residential sites to 2.5 acres or more. Even were such limitations, as alleged by Richter, actually recommended in the Master Plan, the City is not bound thereby. A preliminary statement in the Master Plan refers to it as a "study" and as a "report." A comprehensive plan is helpful in guiding a coordinated, adjusted and harmonious development of a municipality and its environs, but the plan is still no more than just thata plan. See 3 R. Anderson, American Law of Zoning § 17.03. The City's zoning ordinance is determinative of the available zoning classifications, and it provides not only for uses other than 2.5 acre home sites within the R-A classification, but also provides for other and less restrictive classification uses between R-A and B-1, such as R-I, R-E, R-1, R-2, R-3, R-4, and R-5.
Where, as in the case at hand, no evidence is offered to prove that it is not possible to use and develop the property for any one of the intermediate uses enumerated in the ordinance, there is an insufficient showing that the denial of a request for a zoning change unconstitutionally deprived the applicant of the use of his property. Wright v. City of Littleton, 174 Colo. 318, 483 P.2d 953. Although Richter might well maximize his profits by obtaining the requested zoning change, there is no constitutionally protected right to use one's property in the most economically beneficial manner possible. Nopro Co. v. Cherry Hills Village, Colo., 504 P.2d 344.
The judgment is affirmed.
PIERCE and SMITH, JJ., concur.