## COUNTY OF CHICOT *v.* LEWIS.

An act of the legislature of Arkansas, passed in 1868, authorizes any county to subscribe to the stock of any railroad company in that State, provided the subscription shall not exceed $100,000, and the consent of the inhabitants of the county thereto shall first be obtained at an election held for that purpose. At an election held under that act, the voters of a county voted to subscribe $100,000 to the stock of company A. and $100,000 to the stock of company B. *Held*, 1. That the act does not restrict the county to a single subscription. 2. That the power to subscribe is general, limited only by the subscription of $100,000 to the stock of any one company.

ERROR to the Circuit Court of the United States for the Eastern District of Arkansas.

The facts are stated in the opinion of the court.

*Mr. U. M. Rose* for the plaintiff in error.

*Mr. Eben W. Kimball, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

The legislature of Arkansas, in 1868, passed an act, the first and second sections of which are as follows: —

"SECT. 1. Be it enacted by the General Assembly of the State of Arkansas, that any county in this State may subscribe to the stock of any railroad in this State, now chartered or incorporated, or which shall hereafter be chartered or incorporated, under and in accordance with the laws of this State, and may issue bonds for the amount of such stock so subscribed, with coupons for interest thereto attached, under such limitations and restrictions, and upon such conditions as the county court may require, and the president and directors of such company may approve: *Provided*, that the amount of such subscription shall not exceed one hundred thousand dollars, and the consent of the inhabitants of such county to such subscription shall be first obtained in the manner hereinafter provided.

"SECT. 2. Whenever the president and directors of any such railroad shall make application to the county court of any county for such subscription by such county to its stock, specifying the amount to be subscribed and the condition of such subscription, and one hundred voters of the county shall petition the court for such purpose, it shall be the duty of the court immediately to order an election, to be holden at the place and in the manner other elections in such county are holden, for the purpose of determining whether such subscription shall be made, and at least twenty days' notice thereof shall be given in the manner provided by law for other elections, at which election those voting for such subscription shall have written or printed on their ballots or tickets the words 'for subscription' or 'against subscription,' and if a majority of the votes cast shall be in favor of subscription, the court shall cause such subscription to be made, and upon its acceptance by the company, shall cause bonds to be issued in conformity with such vote."

Under this act Chicot County subscribed $100,000 to the stock of the Mississippi, Ouachita, and Red River Railroad Company, and $100,000, to the stock of the Little Rock, Pine Bluff, and New Orleans Railroad Company, both subscriptions being made by virtue of a single election held by the voters of the county for that purpose. Bonds were issued for the amount of each subscription, $100,000 thereof payable to the Mississippi, Ouachita, and Red River Railroad Company, or bearer,

and $100,000 thereof payable to the Little Rock, Pine Bluff, and New Orleans Railroad Company, or bearer. Each bond contained the following recital : —

" This bond is one of a series numbered from one to two hundred, inclusively, of like date, tenor, and amount, issued under an act of the General Assembly of the State of Arkansas, entitled ' An act to authorize counties to subscribe stock in railroads,' approved July 23, 1868, and in obedience to a vote of the people of said county at an election held in accordance with the provisions of said act authorizing a subscription of one hundred thousand dollars to the capital stock of said railroad company."

And each bond was executed by the judge under the county seal, and attested by the county clerk.

The present suit was brought by the defendant in error to recover the amount of certain coupons, some of which were attached to bonds issued to one of the railroad companies, and some of them to bonds issued to the other company. The complaint alleged that the plaintiff was purchaser and *bona fide* owner of the coupons for value. The county put in a plea setting up the fact of a single election in reference to both subscriptions, and the amount of stock subscribed and bonds issued for each road. This plea being demurred to, the question was raised, whether the two subscriptions, amounting in the aggregate to $200,000, were *ultra vires* of the county under the proviso of the first section of the act. The court below sustained the demurrer and gave judgment for the plaintiff.

We do not well see how a different decision could have been made. The act did not restrict the county to a single subscription. Its language is, " Any county in this State may subscribe to the stock of any railroad in this State, . . . and may issue bonds for the amount, &c., provided that the amount of *such subscription* shall not exceed one hundred thousand dollars." That is, the power to subscribe is general, but no subscription shall exceed $100,000. The meaning might have been more distinctly expressed by using the plural, " any railroads," and making the proviso to read, " the amount of such subscriptions shall not exceed one hundred thousand dollars to any one railroad ; " but the same sense is sufficiently indicated

by the words actually employed. The power given is a power to subscribe to any railroad. This includes all railroads in the State, without restriction. A subscription to one does not extinguish the power of subscribing to any other railroad: otherwise, a subscription of $1,000 to one railroad would exhaust the power; for the argument is based upon the idea that a single exercise of the power exhausts it and leaves the county *functus officio*. It may be said, that such a construction might lead to disastrous consequences by opening the door to subscriptions to a ruinous amount. But no subscription can be made without an election in favor of it. The law simply meant to give the county full liberty on the subject, limiting only the amount of a single subscription. That the limitation contained in the proviso has reference to a single subscription only is apparent from a bare reading of the context. Omitting surplus words, the section reads thus: " Any county in this State may subscribe to the stock of any railroad in this State, and issue bonds therefor; *provided* that the amount of *such subscription* [that is, the subscription to any railroad] shall not exceed one hundred thousand dollars." Here the words " any railroad " are used distributively, including all railroads taken severally; and the limitation has reference to the subscription to " any railroad," that is, to any one railroad taken separately. Had the legislature desired to limit the power of subscription to $100,000, the natural and appropriate mode of doing so would have been either to limit the county to one subscription not to exceed $100,000, or to provide that the amount of its subscriptions should not in the aggregate exceed $100,000. Neither of these things was done. As the law stands, it confers a general power to subscribe to the stock of any railroad in the State for any amount not exceeding $100,000.

This construction of the statute disposes of the case, and renders it unnecessary to consider the other point raised by the defendant in error; namely, that as a *bona fide* holder of the coupons he is not obliged to go behind the recital in the bonds to which they were attached, which amounted to a declaration by the county authority intrusted with the power to ascertain and determine the fact, that the bonds

were issued under the act, and in obedience to an election held in accordance with its provisions. Perhaps a criticism might be made upon this argument, that by comparing the two classes of bonds together it would appear from the several recitals that the county had issued more than $100,000 in amount.

We find no error in the record.

*Judgment affirmed.*