No. 20,049.

WILLIAM G. GORDON, ET AL., *v.* BOARD OF COUNTY
COMMISSIONERS OF EL PASO COUNTY, ET AL.
(382 P. [2d] 545)

Decided May 27, 1963.     Rehearing denied June 24, 1963.

Mr. DONALD E. LAMORA, Mr. H. T. MCGARRY, for plaintiffs in error.

Messrs. STRAND & GEDDES, Messrs. TARTER & TARTER, for defendant in error Board of County Commissioners of El Paso County.

Messrs. GOODBAR & GOODBAR, for defendant in error Elroy Stum.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS writ of error is directed to a judgment of the district court affirming the action of the Board of County Commisioners of El Paso county which purported to change the zoning regulations affecting certain real estate. We will refer to plaintiffs in error as "protestants" and to defendants in error as the "Board" and the "applicant" respectively.

The applicant filed a request with the El Paso County Planning Commission for a change in zoning classification of certain real estate owned by him. The requested change (to a classification called C-2) would permit the construction of a shopping center on the real estate described, which was not permitted under the existing zoning. Protestants appeared and objected to the proposed change.

A hearing was had before the Planning Commission, at the conclusion of which the following occurred:

"MR. SERY: I would like to make the motion that the petition of Elroy Stum requesting a zoning change from C-4 and A-1 garden farm district to a C-2 zone be recommended to the County Commissioners for their approval.

"CHAIRMAN STRAUS: Is there a second?

"MR. BALL: I second it.

"CHAIRMAN STRAUS: It has been moved by Mr. Sery and seconded by Mr. Ball that the petition of Elroy Stum be approved and recommended to the County Commissioners. All in favor, signify by saying aye.

(Chorus of ayes.)

"CHAIRMAN STRAUS: Opposed?

(No response)

"CHAIRMAN STRAUS: So recommended to the County Commisioners."

No *resolution* was adopted by the Planning Commission which referred "* * * expressly to the maps and descriptive matter intended by the commission to form the whole or part of the plan," in compliance with the provisions of C.R.S. '53, 106-2-7.

When the matter came before the Board the record of proceedings before the Planning Commission was admitted without objection. Witnesses appeared and testified, some of whom had appeared before the Planning Commission. The hearing before the Board concluded with the following action:

"MR. ROSS: I move that the application to change the zoning to C-2 from A-1 and C-4 made by Elroy Stum be granted.

"MR. MONK: I second that motion.

"MR. TORRENCE: You have heard the motion. All in favor say aye. (All three say 'aye').

"MR. TORRENCE: Unanimous. Meeting adjourned."

Here again no resolution was adopted, the language of which identified any real estate to be affected by the purported change in zoning.

██ Substantial compliance with the statutory provisions applicable to resolutions of county commissioners on the subject of zoning of property is a prerequisite to a lawful enactment whether it be the original zoning regulation or an amendment thereof. Failure to comply with the essential mandates of the statute constitutes a jurisdictional defect and invalidates the entire proceed-

ing. Yokley — Zoning Law and Practice, 2d ed. Vol. 1, Sec. 70.

From 101 C.J.S. §11, p. 695, we quote a statement of the applicable principle:

"Where a statute authorizes the adoption of zoning regulations by means of resolution, the municipality may not act by way of ordinance; but where the statute requires an ordinance for the attainment of the zoning restriction, a resolution is ineffective to accomplish the desired result. * * * "

■ The pronouncements of this court in cases dealing with zoning ordinances adopted by cities are applicable to the actions of county commissioners in connection with zoning "resolutions" which they are now authorized to adopt, unless some specific statutory provision authorizes a different procedure. Again, broad general rules which are pertinent are found in 101 C.J.S. §83, p. 835, as follows:

"A change or amendment must be enacted in conformity to the grant of power and the enabling statute to the same extent as an original zoning ordinance. * * * Accordingly, the validity of an amendatory zoning ordinance must be determined by the same rules and tests as those applied in ascertaining the validity of original zoning ordinances."

At 101 C.J.S. p. 856, we find the following:

"Compliance with the procedure prescribed by statute is a prerequisite to any valid change in zonal boundaries or regulations in a municipality or other governmental entity. Accordingly, where a commissioner or other official is authorized to change, modify, or amend a zoning plan, the statutory provisions prescribing the method and procedures to be followed in exercising such power must be complied with. Changes of uses and restrictions, and rezoning of use districts, can ordinarily be accomplished only through an amendment of a zoning ordinance.

"In amending the zoning law, the official or body making the amendment is enacting law, binding on the public, and is not merely dealing with the rights of the owners of the particular property affected, and the act is legislative and based on present facts, rather than judicial and dependent on past facts."

By C.R.S. '53, 106-2-1 and 106-2-2 the commissioners of the respective counties are authorized to provide "for the zoning of all or any part of" the unincorporated territory in their county, and they are authorized to appoint a planning commission. C.R.S. '53, 106-2-7 (and preceding subsections) deals with the powers and duties of the Planning Commission and contains, inter alia, the following:

"A county or regional planning commission may adopt the county or regional master plan as a whole by a single *resolution,* or, as the work of making the whole master plan progresses, may adopt parts thereof, any such part to correspond generally with one or more of the functional subdivisions of the subject matter which may be included in the plan. The commission may amend, extend, or add to the plan, or carry any part of it into greater detail from time to time. The adoption of the plan or any part, amendment, extension, or addition *shall be by resolution* carried by the affirmative votes of not less than a majority of the entire membership of the commission. The *resolution* shall refer expressly to the maps and descriptive matter intended by the commission to form the whole or part of the plan. The action taken shall be recorded on the map and descriptive matter by the identifying signature of the secretary of the commission." (Emphasis supplied.)

106-2-11 provides:

"The county planning commission shall certify a copy of the plans for zoning all or any part of the unincorporated territory within the county, or any *adopted part or amendment thereof, or addition thereto,* to the board

of county commissioners of the county. * * * " (Emphasis supplied.)

106-2-15 provides:

"From time to time the board of county commissioners may amend the number, shape, boundaries or area of any district, or any regulation of or within such district, or any other provisions of the zoning resolution. Any such amendment shall not be made or become effective unless the same shall have been proposed by or be first submitted for the approval, disapproval or suggestions of the county planning commission. * * * "

From the foregoing it is clear that in the proceedings before the Planning Commission and those conducted by the Board, there was no substantial compliance with the mandates of the statute governing the exercise of the power to enact zoning regulations, or to amend existing zoning provisions. *Holly Development, Inc., v. Board of County Commissioners,* 140 Colo. 95, 342 P. (2d) 1032. The proceedings before the Planning Commission and those before the Board were of no legal force or effect, and failed to change or amend any zoning regulation in effect prior thereto.

Where a request for change in zoning originates before the Planning Commission the statute contemplates that the question before the county commissioners shall be whether the recommendations of the Planning Commission shall be approved. That recommendation must be in the form of a resolution which itself identifies the property to be affected. In the absence of such a resolution there is nothing properly before the county commissioners to be approved or disapproved.

The judgment is reversed.

Mr. Justice Sutton specially concurs.

Mr. Justice McWilliams dissents.

Mr. Justice Sutton specially concurring:

Though I agree with Mr. Justice McWilliams' dissent

insofar as it points out that the disposition of this matter is made on a point not urged, argued or briefed, I do not agree that in this type of case the Court should not so act, for reasons which hereafter appear.

Here the record fully discloses that the action taken by the Board of County Commissioners was by motion instead of by resolution. If, as the majority of this Court believes, the approval required action by resolutions, then all other matters involved are nugatory and it would avail nothing to either consider other matters or to require a presentation of this point at another oral argument after new briefs were filed.

I must limit my concurrence in the majority opinion, however, to the part which states that the action taken must be by resolutions and to the reversal which results from a failure to have so acted.

Though C.R.S. '53, 106-2-7 sets forth the requirements for the adoption of a master plan and 106-2-15 authorizes the amendment of the zoning resolution, which resolution includes perforce the master plan, I believe the two sections must be construed together insofar as possible. In *Holly, Inc., v. Board of County Commissioners,* 140 Colo. 95, 342 P. (2d) 1032, we discussed the manner in which amendments may be made to a plan adopted by virtue of 106-2-7. No question arose there as to the need to act by resolution which is the point now determined. It was shown there, however, that simple amendments under 106-2-15 do not require new maps to accompany them, but that the existing zoning maps should be later revised to conform with new zoning changes. Evidently the majority of this Court feels that our decision in *Holly* is not affected by this opinion and to that view I certainly subscribe. For I do not believe that new maps need be prepared for simple amendments before they can be considered.

In conclusion, I point out that this record discloses what to me is a proper form of notice for a proposed

zoning amendment. The difficulty arises from the fact that neither the Planning Commission recommended nor the Board of County Commissioners approved what was in the notice by resolutions as 106-2-7 requires, nor are there any resolutions referring to the maps and descriptive matter affected. Merely copying the notice into the minutes by motion is not sufficient as we now interpret this statute.

MR. JUSTICE McWILLIAMS dissenting:

I must respectfully dissent for two reasons: (1) The majority of this Court disposes of this controversy on a point that has not been urged, argued or briefed by the disputants at any stage of the proceedings, be it before the El Paso County Planning Commission, the Board of County Commissioners for El Paso County, the District Court or this Court. Stated somewhat differently, the defendant in error, Stum, enjoyed a favorable judgment in the trial court and by the action taken this date by the majority of this Court Stum has been deprived of this favorable judgment on the basis of an alleged procedural defect quickly perceived by the majority, though not even urged by the plaintiffs in error, and against which Stum has had no opportunity to defend. I strongly disapprove of this practice. (2) Additionally the majority hold that C.R.S. '53, 106-2-7 governs the disposition of this matter. In my view this is erroneous, as C.R.S. '53, 106-2-7 pertains to a master plan for the physical development of a county, or an amendment to such master plan. The instant case does not involve an amendment, as such, to the master plan for the physical development of El Paso County, but is a simple request for rezoning and in my judgment is controlled by C.R.S. '53, 106-2-15.