523 P.2d 159 (1974)
Bruce JOHNSON et al., Plaintiffs-Appellees,
v.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF BOULDER, Defendant,
Colorado Leisure Products, Inc., a Colorado corporation, and Frank Varra, Defendants-Appellants.
No. 73-136.
Colorado Court of Appeals, Div. II.
April 23, 1974.
Rehearing Denied May 14, 1974.
Certiorari Granted July 1, 1974.
*160 Bruce Johnson, pro se.
Brauchli & Jevons, Christopher R. Brauchli, Richard D. Lynton, Boulder, for plaintiffs-appellees.
Guy A. Hollenbeck, Boulder, for defendants-appellants.
Selected for Official Publication.
RULAND, Judge.
Colorado Leisure Products, Inc., (C.L.P.) and Frank Varra appeal from a judgment of the district court which declared invalid a resolution of the Board of County Commissioners for Boulder County (Board) approving a change in zoning. We affirm the judgment.
C.L.P. acquired an option from Varra to purchase 160 acres of land in Boulder County. C.L.P. then made application for a change in zoning on the subject property from agricultural to general industrial or economic development as those districts are defined by the zoning resolution adopted for Boulder County in 1965.
C.L.P.'s application for change in zoning was first submitted to the Boulder County planning commission. Following a public hearing, the Commission recommended that approximately one-half of the subject property be rezoned as an economic development district, and this recommendation was certified to the Board by resolution of the Commission.
Not being satisfied with the Commission's recommendation, C.L.P. asserted in a public hearing held by the Board that the entire tract should be rezoned general industrial. The Board concluded to study C.L.P.'s application further. At a subsequent meeting, the Board approved the change requested by C.L.P. by a two to one vote.
Plaintiffs then filed the present case seeking a declaratory judgment that the Board's resolution approving the zoning change was void. The district court determined that the resolution was invalid on the basis, inter alia, that the Board failed to comply with the requirements of C.R.S. 1963, 106-2-11, in adopting the resolution.
C.L.P. contends the trial court erred in concluding that the procedure outlined in C.R.S.1963, 106-2-11, applies to the zoning amendment approved by the Board in this case. Citing Holly Development, Inc. v. Board of County Commissioners, 140 Colo. 95, 342 P.2d 1032, C.L.P. asserts that *161 the amendment was properly approved by the Board pursuant to C.R.S.1963, 106-2-15. Citing Gordon v. Board of County Commissioners, 152 Colo. 376, 382 P.2d 545, plaintiffs answer that the requirements of both sections 106-2-11 and 106-2-15 apply. However, neither decision resolves the issue posed by the facts of this case.
Insofar as pertinent here, C.R.S.1963, 106-2-11 provides:
"The county planning commission shall certify a copy of the plans for zoning all or any part of the unincorporated territory within the county ... or amendment thereof ... to the board .... After receiving the certification of said zoning plans from the commission and before the adoption of any zoning resolutions, the board... shall hold a public hearing.... No substantial change in or departure from the text ... so certified by the county planning commission shall be made unless such change or departure be first submitted to the certifying county planning commission for its approval, disapproval or suggestions...."
C.R.S.1963, 106-2-15 provides:
"From time to time the board ... may amend the number, shape, boundaries or area of any district .... Any such amendment shall not... become effective unless the same shall have been proposed by or be first submitted for the approval, disapproval or suggestions of the county planning commission. If disapproved by such commission within thirty days after such submission, such amendment, to become effective, shall receive the favorable vote of not less than a majority of the entire membership of the board ...."
A comparison of the two sections reveals that both cover amendments to zoning. The issue then is when does section 106-2-11 apply to an amendment being considered by the Board?
The function and duty of the planning commission initially is to make and adopt a master plan for the physical development of the unincorporated territory of a county. C.R.S.1963, 106-2-5. To that end, the commission is empowered to employ experts, C.R.S.1963, 106-2-3, and to make detailed surveys and studies to accomplish the harmonious development of the county in terms of the general welfare of the inhabitants and the efficient and economic use of its land. C.R.S.1963, 106-2-6. Once the master plan is adopted by the commission and approved by the Board, the commission then may amend, extend, or add to the plan as time and circumstances dictate. See C.R.S.1963, 106-2-7.
Having in mind the extensive information obtained by the commission in preparing a master plan and the detailed analysis required to complete such a project, one must conclude that the legislative intent was to provide the Board with the expertise of the commission in the form of recommendations on each specific amendment to that plan. Sections 106-2-11 and 106-2-15 were enacted to accomplish that purpose.
An amendment to an existing zoning district may be proposed by the Board, the planning commission, or private citizens. When the amendment is proposed by the Board or by private citizens directly to the Board, then section 106-2-15 applies and the proposed amendment must be submitted first to the planning commission for its approval, disapproval, or recommendation. In this manner, the Board receives the recommendations of the planning commission on the specific amendment that has been proposed.
On the other hand, if the amendment is proposed by the planning commission, then section 106-2-11 applies. When an amendment is first proposed by private citizens to the planning commission and then submitted in a substantially revised form by the planning commission to the Board of county commissioners, it, in effect, *162 becomes an amendment proposed by the planning commission. If the Board of county commissioners concludes that such an amendment should be substantially altered, then it must be resubmitted to the planning commission in order that the county commissioners receive the recommendations of the planning commission on the revised amendment which the Board proposes to adopt.
C.L.P. next contends that even if section 106-2-11 applies in this case, there was no requirement that the amendment approved by the Board be resubmitted to the planning commission because there was no "substantial departure" from the recommendation of the planning commission. We disagree.
C.L.P.'s proposal was for a zoning amendment changing the classification on 160 acres from agricultural to general industrial or economic development. The planning commission recommended that only 80 acres be rezoned as an economic development district. The agricultural classification authorizes a landowner to use his property for agricultural purposes, mining, schools, public parks, and churches. The general industrial classification sought by C.L.P. is the broadest classification authorized by the Boulder County Zoning Resolution. It authorizes use of the property for all purposes allowed in the light industrial districts, commercial districts business districts, economic development districts, and transitional districts. Moreover, under an economic development classification, the planning commission retains continuing jurisdiction over the development of the site. A site plan must be approved by the planning commission within one year from the date of the rezoning, and at least one-half the floor area of the improvements must be completed within three years. Failure to obtain such approval or meet this schedule causes the property to revert to its original classification. None of the foregoing applies if a general industrial classification is obtained. In that case, virtually any type of commercial or industrial use is permitted, free of any continuing control by the planning commission. Under these circumstances we conclude the amendment adopted by the Board was a substantial departure from the recommendation of the planning commission.
C.L.P. finally contends that there was substantial compliance with section 106-2-11, because the planning commission considered the question of rezoning the subject property general industrial but obviously recommended against the proposal by its recommendation of the economic development classification. Again, we disagree.
Section 106-2-11 clearly mandates that the Board may not substantially change the proposed amendment of the planning commission without first submitting the question to the commission. The reason for the requirement becomes apparent when, as here, the change is substantial and there are various other alternatives which the planning commission may wish to suggest as being more in harmony with the master plan.
The zoning resolution not having been adopted in compliance with C.R.S.1963, 106-2-11, the resolution is invalid. Gordon, supra. The judgment of the trial court is therefore affirmed.
ENOCH and PIERCE, JJ., concur.