## No. C-530

**Colorado Leisure Products, Inc., a Colorado corporation v. Bruce Johnson, Arthur Poland, John J. McGuinness, Richard G. Gebhardt, Martha R. Weiser, Plan Boulder County, an association, and People United to Reclaim the Environment, an association**

(532 P.2d 742)

Decided March 3, 1975.

Guy A. Hollenbeck, for petitioner.

Bruce Johnson, pro se.

Brauchli & Jevons, C. R. Brauchli, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We must determine the proper statutory procedure to be followed by a board of county commissioners in rezoning property after the zoning application has been acted upon by the planning commission. The board of county commissioners of Boulder County approved an application filed by Colorado Leisure Products, Inc. to rezone an agricultural district to permit general industrial use. Following the rezoning, a number of landowners brought suit for declaratory judgment attacking the validity of the zoning. The trial judge and the Colorado Court of Appeals both held that the board of county commissioners improperly rezoned the property in question, that the rezoning action was consequently null and void, and that, therefore, the property should

remain an agricultural district. *Johnson v. Board of County Commissioners,* 34 Colo. App. 14, 523 P.2d 159 (1974). We granted certiorari and now affirm.

## I.
## The Facts

Frank Varra owned 160 acres in Boulder County that was zoned for agricultural use. Colorado Leisure Products, Inc. sought to relocate its manufacturing operation on Varra's property. However, the desired relocation could not take place unless the property was rezoned for industrial use. An application was filed with the county planning commission to rezone Varra's property either as an economic development district or a general industrial district. The planning commission conducted a public hearing and subsequently recommended that 80 acres be rezoned "Economic Development" and certified its conclusion to the board of county commissioners. The board of county commissioners gave notice and held a second hearing concerning the rezoning, and the matter was taken under advisement. Later, at a regularly scheduled meeting, but without further notice, the board of county commissioners heard additional evidence presented by the president of Colorado Leisure Products and granted the zoning application. The rezoning which the board of county commissioners approved was at variance with the recommendation of the planning commission. The board's resolution created a "General Industrial" zone for the entire 160-acre tract.

## II.
## The Statutory Procedures

The interrelationship of two statutory procedures provides the foundation for this zoning controversy. Insofar as pertinent here, C.R.S. 1963, 106-2-11 (section 30-28-112, C.R.S. 1973, hereinafter referred to as "Section 11"), provides:

"The county planning commission shall certify a copy of the plans for zoning all or any part of the unincorporated territory within the county . . . to the board . . . . After receiving the certification of said zoning plans from the commission and before the adoption of any zoning resolutions, the board . . . shall hold a public hearing. . . . . No substantial change in or departure from the text . . . so certified by the county planning commission shall

be made unless such change or departure be first submitted to the certifying county planning commission for its approval, disapproval or suggestions . . . ."

C.R.S. 1963, 106-2-15 (section 30-28-116, C.R.S. 1973, hereinafter referred to as "Section 15"), in pertinent part, provides:

"From time to time the board . . . may amend the number, shape, boundaries or area of any district . . . . Any such amendment shall not . . . become effective unless the same shall have been proposed by or be first submitted for the approval, disapproval or suggestions of the county planning commission. If disapproved by such commission within thirty days after such submission, such amendment, to become effective, shall receive the favorable vote of not less than a majority of the entire membership of the board . . . ."

The court of appeals concluded that Section 11 controlled the instant case and that the zoning resolution was null and void, because the amendment made by the board of county commissioners was not resubmitted to the planning commission. The opinion of the court of appeals reconciles the language of the two statutory sections by concluding that Section 11 procedures applied when an amendment was proposed by the planning commission and that Section 15 procedures applied when an amendment was first proposed by either the board or by a proper person in an application directly to the board. While we affirm the result reached by the court of appeals, we conclude that it erred by applying Section 11 to the present case, rather than Section 15.

In *Holly Development, Inc. v. Board of County Commissioners,* 140 Colo. 95, 342 P.2d 1032 (1959), we had occasion to compare and construe the relative provisions contained in Sections 11 and 15 and concluded that Section 11 was applicable where the proposed amendment was intended to alter the original zoning plan in comprehensive fashion and in a manner which would affect all zoned areas. *Accord, Grant v. Board of County Commissioners,* 164 Colo. 69, 432 P.2d 762 (1967). *Cf. Gordon v. Board of County Commissioners,* 152 Colo. 376, 382 P.2d 545 (1963). In contrast, we judged that Section 15 pertained to those

instances in which an amendment to an existing zone was proposed. Accordingly, since Colorado Leisure Products did not seek the requisite comprehensive zoning which would activate Section 11, we must examine the counterpart provisions set forth in Section 15 and gauge the impact which that section has on the case under review.

Section 15 empowers the board to amend existing zoning regulations and resolutions. Although the board is granted the authority to pursue amendatory action, the power is by no means unfettered. If the board of county commissioners is considering a possible amendment to a previously zoned area, the amendment cannot become effective until the planning commission has had the opportunity to study the problem and the proposal and to convey its responses regarding the suggested change to the board. "Any such amendment shall not be made or become effective unless the same has been proposed by or be first submitted for the approval, disapproval or suggestions of the county planning commission." C.R.S. 1963, 106-2-15 (section 30-28-116, C.R.S. 1973).

In the case at bar, the amendment which the board enacted rezoning the full 160-acre tract for general industrial use was neither proposed by the planning commission nor submitted for commission consideration. Although the planning commission provided a recommendation, it was never given an opportunity to pass upon the amendment which the board of county commissioners adopted. In short, the county commissioners acted without having the benefit of the planning commission's input and expertise. Proper compliance with Section 15 requires that the board of county commissioners resubmit the proposed amendment to the planning commission before taking further action.

Since the board did not substantially comply with the applicable zoning statute, the proceedings before the board, as well as the resultant zoning resolution, were null and void. *Accord, Gordon v. Board of County Commissioners,* 152 Colo. 376, 382 P.2d 545 (1963).

Accordingly, we affirm the court of appeals.

MR. JUSTICE LEE does not participate.