558 P.2d 1005 (1976)
Archie L. WAINWRIGHT and Transportation Equipment and Body Co., Inc., Plaintiffs-Appellants,
v.
CITY OF WHEAT RIDGE, Colorado, Defendant-Appellee.
No. 75-837.
Colorado Court of Appeals, Div. 2.
December 30, 1976.
Robert W. Caddes, Denver, for plaintiffs-appellants.
Maurice F. Fox, P. C., Maurice F. Fox, Wheat Ridge, for defendant-appellee.
*1006 SMITH, Judge.
Archie Wainwright, owner of certain real property in Wheat Ridge, and Transportation Equipment and Body Company, lessee of that property, filed suit for declaratory judgment against Wheat Ridge, after Transportation Equipment was advised by the city that its use of the property violated existing zoning. From a decision by the trial court that the use of the subject property was in violation of the city zoning ordinance, plaintiffs appeal. We reverse.
The subject parcel, a part of Hale Subdivision, was, prior to its inclusion in Wheat Ridge, in the unincorporated portion of Jefferson County. In 1949 the subdivision was first platted and this parcel was zoned by the county as Commercial One (C-1). Sometime later, a county zoning map, referred to as "No. 4", came into existence which erroneously depicted the zoning as Restrictive Commercial (R-C). Hale Subdivision was made part of Wheat Ridge when it became an incorporated municipality in August 1969. Wheat Ridge adopted a zoning plan through Ordinance No. 11, Series of 1969. In relevant part, it reads:
"The Jefferson County zoning maps which are a part of this ordinance, numbered 3, 4, 13 and 14 are designated as the City of Wheat Ridge zoning maps and are hereby declared to be a part thereof as they were in effect on November 16, 1969 . . . ."
The fact that Zoning Map No. 4 of Jefferson County erroneously designated the subject land as being zoned R-C is not in dispute. Mr. Wainwright purchased the property in 1970 and leased it as a motor vehicle sales lot, a use permitted under C-1 but not R-C zoning, until the city served notice of the alleged zoning violation.
The city contends that, despite the error in the map, its incorporation into the city's initial zoning ordinance was an exercise of its statutory authority to regulate the use of land within its boundaries and to establish zoning districts. See C.R.S.1973, XX-XX-XXX. They argue that by passage of Ordinance No. 11, incorporating Map "No. 4", the property became zoned R-C.
We agree that Ordinance No. 11 represents a legislative judgment as to where lines of demarcation between different zones should be drawn. See City of Greeley v. Ells, 186 Colo. 352, 527 P.2d 538. The problem, however, is essentially one of interpretation and construction of the ordinance which adopted the county maps.
In order to interpret and construe the ordinance properly we must ascertain legislative intent by looking at the familiar and generally accepted meaning of words and phrases. Humana, Inc. v. Board of Adj. of City of Lakewood, Colo., 537 P.2d 741. The intention of the city council in declaring that the maps were adopted "as they were in effect on November 16, 1969" (emphasis added) is the crux of the matter. Inasmuch as zoning maps derive their effectiveness from the ordinance or resolution that adopts them, it is the status of the county zoning, at the time the city incorporated the map into its zoning ordinance that governs. A zoning map merely reflects the effect of exercises of the zoning power and changes made thereon do not of themselves constitute an exercise of that power.
Section 30-28-116, C.R.S.1973, explains the procedure by which the county can amend its zoning regulations; it provides that only the Board of County Commissioners may amend the zoning regulations. See Colorado Leisure Products, Inc. v. Johnson, Colo., 532 P.2d 742. Substantial compliance with statutory provisions is required for lawful enactment of a zoning change, Gordon v. Board of County Commissioners, 152 Colo. 376, 382 P.2d 545, and failure to comply with essential mandates of the statutes invalidates the proceeding. Colorado Leisure Products, Inc. v. Johnson, supra. Also, as soon as reasonably possible after adoption by the Board of County Commissioners of changes in zoning, they should be placed upon an authorized copy of an original map or maps with the date of the action shown along with the type of change. Holly Development, Inc. v. Board of County Commissioners, 140 Colo. 95, 342 P.2d 1032.
*1007 It therefore follows that since there was no resolution by the Board of County Commissioners amending the zoning, the inadvertent or erroneous change in the zoning map was without effect. We therefore conclude that Map No. 4 was only some evidence of the actual state of zoning and that on November 16, 1969, contrary to the indication on that map, the subject property was zoned C-1,
Because zoning laws should be given a fair and reasonable construction in light of the setting in which employed, Beckman v. Grand Island, 182 Neb. 840, 157 N.W.2d 769, the factors surrounding adoption of the ordinance should be considered. Circumstances attendant to passage of Ordinance No. 11 indicate that the city did not intend to change the zoning classification of the property. The evidence is uncontradicted that the county maps, as adopted, were assumed to be correct. And, no one contends that the passage of Ordinance No. 11 involved an attempt to change any existing zoning. Quite to the contrary, it was adopted to satisfy a statutory requirement that the newly incorporated city provide an initial zoning scheme within ninety days after incorporation. Accordingly, since the map was in error and had no conclusive effect upon the state of zoning, we hold, as a matter of law, that no change in zoning classification as to the subject parcels was effected by the passage of Ordinance No. 11.
Appellees argue that one claiming the invalid exercise by a city of the statutory power to classify land must establish such invalidity beyond a reasonable doubt. See Bird v. Colorado Springs, 176 Colo. 32, 489 P.2d 324. This contention, however, misses the issue before this court, which is not the validity of the city's exercise of its power to zone, but rather is a question of the effect of the ordinance enacted. The validity of the ordinance is not in question.
Since we have held that the city council effected no change in the zoning, we do not reach the city's contention that Wainwright and Transportation Equipment and Body Company are now estopped to protest the "zoning change."
The judgment is reversed and the cause is remanded for entry of a decree not inconsistent herewith.
ENOCH and VAN CISE, JJ., concur.