CONCERNED CITIZENS OF PARK COUNTY, and Alvis J. Walls, and Leona C. Nelson, and Bobbie L. Wood, and Antoinette A. Miller, Plaintiffs-Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS FOR PARK COUNTY, State of Colorado and Larry Streeter, and Ken W. Davis, and Paul Imboden, and the Park County Planning Commission, and John Gillott, and Martha Fitzsimmons, and John Crawford, Sr., and Arthur Riley, and James Campbell, Defendants-Appellees.

No. 81CA0310.

Colorado Court of Appeals,
Div. II.

Oct. 29, 1981.

Robert C. Ozer, Conifer, for plaintiffs-appellants.

Marshall McClung, Fairplay, for defendants-appellees.

TURSI, Judge.

Plaintiffs appeal from the trial court's dismissal of their complaint and the denial of their motion to amend the complaint. We affirm the dismissal, and reverse the denial of the motion to amend.

Plaintiffs brought this action seeking a temporary restraining order, preliminary injunction, and a permanent injunction to enjoin the defendants from further rezoning except in accordance with a master plan adopted, certified, and submitted to the Colorado Department of Local Affairs, and also seeking a declaratory judgment that further rezoning in Park County would be invalid unless it was in accordance with such a master plan. Plaintiffs also sought punitive damages.

The temporary restraining order and preliminary injunction were denied, and defendants filed a motion to dismiss the complaint. Plaintiffs then filed a motion to amend the complaint to add a claim for relief against a county commissioner for money damages, another claim asserting that one county commissioner had moved from the State of Colorado, and that his office was vacant, and yet another claim asserting that as a result of a recall effort against all three county commissioners of Park County, certain of the plaintiffs were being denied county services, "courtesies," and patronage. After hearing arguments, the trial court granted the motion to dismiss, finding that the complaint failed to state a claim upon which relief could be granted. It also denied the motion to amend.

Plaintiffs first contend that the trial court erred in dismissing their complaint for failure to state a claim for relief. We disagree.

 The statutory scheme in Colorado does not mandate the adoption of a master plan by a county, but rather it authorizes the board of county commissioners to appoint a planning commission whose duty it is to make and adopt a master plan. Section 30–28–103, C.R.S.1973 (1977 Repl. Vol. 12). There is no statutory requirement that a county adopt a master plan where, as here, a county planning commission has been appointed. Absent such a requirement, we will not hold that a zoning resolution must be preceded by the adoption of a formal written plan. See *Richter v. Greenwood Village*, 513 P.2d 241 (Colo.App.1973) (not selected for official publication); 1 *R. Anderson, American Law of Zoning* § 504 (2d ed. 1976); 1981 *Zoning and Planning Law Handbook* § 7.02 (F. Strom ed.).

*Gordon v. Board of County Commissioners*, 152 Colo. 376, 382 P.2d 545 (1963) is relied upon by plaintiffs for the proposition that a valid act of zoning is contingent upon the adoption of a master plan. This, however, is not a proper reading of *Gordon*. The court in *Gordon* found that the county had failed to comply substantially with the mandates of the statute governing the enactment or amendment of zoning regulations. It did not hold, as plaintiffs argue, that zoning must be pursuant to a master plan, and that failure to adopt a master plan renders substantial compliance with the zoning statutes impossible.

 While we affirm the trial court's granting of the motion to dismiss the original complaint, the trial court erred in denying plaintiffs' motion to amend. No responsive pleading had yet been filed in the case, and plaintiffs had the right to file one amendment as a matter of course. C.R.C.P. 15(a).

The trial court's subsequent comments on the various causes of action contained in the amended complaint are dicta and we do not address them.

The dismissal of the first complaint is affirmed, the denial of the motion to amend is reversed, and the cause is remanded for further proceedings consistent with this opinion.

VAN CISE and KELLY, JJ., concur.