**Rainsford J. WINSLOW,**
**Plaintiff-Appellee,**

v.

**MORGAN COUNTY COMMISSIONERS, John Lindell, Chairman; Robert Bauer, and Henry Kammerzell, Defendants-Appellants.**

**No. 83CA1027.**

Colorado Court of Appeals,
Div. IV.

Feb. 14, 1985.

Rainsford J. Winslow, Fort Morgan, pro se.

E. Ord Wells, Fort Morgan, for defendants-appellants.

SILVERSTEIN,* Judge.

Defendants appeal a judgment which determined that amendments to certain sections of a zoning and subdivision regulation resolution were improperly adopted and were, therefore, void. We affirm.

The facts are undisputed. On September 16, 1980, a public hearing was held on proposed amendments to the Morgan County Zoning Resolution and Subdivision Regulations. On January 27, 1981, the amending resolution was adopted. However, the resolution as adopted contained several amendments which had not been submitted at the September hearing.

Plaintiff sought to have those amendments which were incorporated into the resolutions after the September hearing declared void because no public hearing had been held thereon, as required by §§ 30–28–116 and 30–28–133(1), C.R.S. (1977 Repl. Vol. 12). The trial court held that the particular amendments on which no public hearing had been held were void.

■ Defendants first contend that the trial court had no jurisdiction to hear the issues because of plaintiff's failure to bring the action within the thirty-day limitation provided in C.R.C.P. 106(b). However, that rule is not applicable here.

As was stated in *Julesburg School District No. RE–1 v. Ebke*, 193 Colo. 40, 562 P.2d 419 (1977):

"The rationale behind Rule 106(b) ... requires that the challenging party have had notice and an opportunity to be heard in a proceeding, subject to certiorari review, which is judicial or quasi-judicial in character. The unilateral action taken by the school board in the instant case clearly falls outside the scope of Rule 106(b)...."

This ruling is applicable to the case at bar, and the trial court had jurisdiction to hear the action. Defendants next contend that the trial court erred in voiding some of the amendments to the Subdivision Regulations, asserting that public hearing is not necessary when amending previously established regulations. We disagree.

Section 30–28–133(1) provides, in pertinent part:

"Before finally adopting *any* subdivision regulations, the board of county commissioners shall hold a public hearing thereon...." (emphasis supplied)

■ Generally, the adjective "any" used in a statute is interpreted to mean "all." Thus, in construing an early version of the attorney's lien statute, the Supreme Court, in *Fillmore v. Wells*, 10 Colo. 228, 15 P. 343 (1887), interpreted the words "any judgment" to mean "all judgments." *See Chicot County v. Lewis*, 13 Otto 164, 103 U.S. 164, 26 L.Ed. 495 (1881); *Glen Alden Coal Co. v. City of Scranton*, 282 Pa. 45, 127 A. 307 (1925).

■ Here, the word "any" means "all" and includes the adoption of amendments to original subdivision regulations. The failure of the board to comply with the mandate in the statute invalidates the proceeding. *Wainwright v. City of Wheatridge*, 38 Colo.App. 485, 558 P.2d 1005 (1976). Thus, the sections amended without a prior public hearing are void. *Colorado Leisure Products, Inc. v. Johnson*, 187 Colo. 443, 532 P.2d 742 (1975).

Judgment affirmed.

SMITH and METZGER, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).