SHELDON H. SOLOW, Respondent, v CITY OF NEW YORK et al., Appellants.

First Department, November 25, 1975

*L. Kevin Sheridan* of counsel *(David J. Agatstein* with him on the brief; *W. Bernard Richland, Corporation Counsel),* for City of New York, appellant.

*Bernard S. Rogovin* for Bayswater Civic Association, appellant.

*Kevin L. Smith* of counsel *(Daniel Eisenberg* with him on the brief; *Eisenberg & Weiss,* attorneys), for respondent.

STEVENS, P. J. Plaintiff commenced this action to declare unconstitutional, illegal and void a zoning resolution adopted by the City Planning Commission August 11, 1971, and approved by the Board of Estimate September 16, 1971. The resolution amended an earlier resolution adopted December 15, 1961, with later amendments, and had the effect of changing the zoning of plaintiff's property from R6 which allows

approximately 91-100 dwelling units per acre, to R5, which only permits 47-56 units per acre.

Prior to December 15, 1961, two separate zoning consultants retained by the City of New York, had recommended to the City Planning Commission that the premises in question be zoned R2 or R3-2 in keeping with the surrounding community, chiefly one- and two-family homes, thus retaining the population density, building bulk and other characteristics of such community. On December 15, 1961, the Board of Estimate, disregarding such recommendation, adopted and approved R6 zoning for the premises. One of the objections then and now to R6 zoning is that it, in effect, would result in a doubling of the area population and would place an unsupportable strain on the community's sewage, transportation, and educational facilities and the like.

Defendants' motions to dismiss the complaint or for summary judgment were denied and this appeal followed.

Appellant, the City of New York, urges that the legislative determination of the Board of Estimate was reasonable, lawful and constitutional and, in the absence of any evidence to the contrary, a trial is not warranted.

Plaintiff-respondent counters that the complaint is sufficient because it attacks the efforts of a community to achieve immunization and exclusion through a zoning change contrary to the interests of the general public and that the downzoning from R6 to R5 was invidiously discriminatory and exclusionary and violative of the Fourteenth Amendment.

The zoning here was from R6, the most permissive category, to R5, the next most permissive. There is no showing that such downzoning is not economically feasible or that it precludes profitable construction by plaintiff. Since 1961, a number of one- and two-family homes have been built within the R6 area. It is not confiscatory in any sense of the word, and there is no reason to conclude that plaintiff will suffer significant economic injury or be denied a reasonable return on his property. The zoning plan adopted seems reasonable and part of a comprehensive plan designed for the general welfare of the community, since the surrounding neighborhood of Bayswater is uniformly zoned R2 and R3-2 and nowhere in the area is an R6 zone immediately adjacent to an R2 or R3-2 zone.

Zoning is a legislative function and the burden is upon a party attacking the validity of the ordinance as confiscatory

and unconstitutional to show that by no reasonable or permissible interpretation can the ordinance be justified as a reasonable exercise of the police power. (See *Matter of Wulfsohn v Burden,* 241 NY 288; *Rodgers v Village of Tarrytown,* 302 NY 115; *Stevens v Town of Huntington,* 20 NY2d 352.)

The fact that a greater profit would result if the R6 zone were retained does not establish the R5 zoning as confiscatory where such zoning permits a reasonable return. Maintenance of community characteristics or standards may be a proper area for legislative concern particularly where the resources of the community may not be adequate to sustain a contemplated increased burden on its facilities.

There is no evidence to show that the change was racially motivated. Plaintiff's contention of "spot zoning" must also be rejected. "Spot zoning" has been defined as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners" *(Rodgers v Village of Tarrytown, supra,* p 123). Clearly that is not the case here and nothing in the record warrants classifying the board's action as such.

Plaintiff has failed to produce evidentiary facts to support his contention or to overcome the presumption of constitutionality which attaches to the adoption of the resolution. He has not met the burden which he must meet in order to prevail.

Order entered December 7, 1972, in the Supreme Court, New York County (CHIMERA, J.), should be reversed on the law, without costs, defendants' motion for summary judgment should be granted, and the zoning resolution approved by the New York City Board of Estimate on September 16, 1971, is declared to be constitutional, legal and valid on its face as applied to plaintiff's property involved herein.

LUPIANO, TILZER, CAPOZZOLI and YESAWICH, JJ., concur.

Order, Supreme Court, New York County, entered on December 7, 1972, unanimously reversed, on the law, without costs and without disbursements, defendants' motion for summary judgment granted, and the zoning resolution approved by the New York City Board of Estimate on September 16, 1971, is declared to be constitutional, legal and valid on its face as applied to plaintiff's property involved herein.